LACY, Plaintiff in Error, v. WILLIAMS, Defendant in Error.

1. The general appellate jurisdiction that the circuit courts exercise over the county courts does not authorize them to try *de novo* causes appealed from the county courts.

2. Generally, the domicil of the parent is the domicil of the minor child.

3. Curators of the estates of minors can not be appointed by the county courts of counties in which such children do not reside.

### *Error to Polk Circuit Court.*

George M. Williams was appointed by the county court of Polk county curator of the estates of three minors, who were and still are under the age of fourteen years. At the time of this appointment said minors resided in Cedar county. They owned land in Polk county. On the motion of their mother, Mrs. Lacy, the county court revoked the appointment of Williams. He appealed to the circuit court. The

circuit court, having heard the evidence, vacated the order of the county court displacing Williams, and directed that he be reinstated as curator. It is to obtain a review of this action of the circuit court that Mrs. Lacy brings the cause by writ of error to this court.

*F. P. Wright*, for plaintiff in error.

I. In a case like the present, there is no appeal to the circuit court. The remedy was by writ of error or mandamus. The minors being residents of Cedar county, the county court of that county had the sole right of appointing curators of their estates. (R. C. 1855, p. 823, § 8, 9.) The mother had the right to be appointed curator.

*Freeman*, for defendant in error.

I. The county court could not revoke its appointment of Williams as curator without giving him notice. Its attempt to do so was illegal. Mrs. Lacy was a married woman and could not act as curator. (R. C. 1855, p. 822.) Even if the county court committed error in appointing Williams curator, since the plaintiff in error was and still is a married woman she had no power to appear either in the county or the circuit court by attorney without joinder of her husband. An appeal lies from the order of the county court in this case to the circuit court. (R. C. 1855, p. 533, § 8.)

Scott, Judge, delivered the opinion of the court.

The second section of the 14th article of the practice act (R. C. 1855, p. 1295) directs that a writ of error shall issue on the final decision or judgment of the county court from the circuit court. The 4th clause of the 8th section of the act to establish courts of record and prescribe their powers and duties (R. C. 1855, p. 533) gives the circuit court appellate jurisdiction from the judgments and orders of county courts and justices of the peace, in all cases not expressly prohibited by law, and also confers a superintending control over them.

Except in a few instances expressly mentioned, the law seems to be silent as to the mode in which the benefit of appeals and writs of error shall be obtained on a judgment or decision rendered in the county court. No method is pointed out as to the manner in which the evidence shall be preserved in the inferior courts for the use of the superior court. A trial *de novo* in the circuit court would not strictly be the exercise of appellate jurisdiction. (The County of St. Louis v. Sparks, 11 Mo. 203.) It is clearly competent for the general assembly to confer such a jurisdiction, but until it is expressly done we do not consider that the bestowal of a mere appellate power would authorize the courts to try causes *de novo*. It is obvious that a writ of error, without the authority to take bills of exceptions on the trial, would in most cases be ineffectual for the attainment of the ends proposed by such a process. Our legislation on this subject is defective, and requires some addition in order to give parties the full benefit of appeals or writs of error on the final decisions of the county courts. Under this state of legislation on this subject, it was held at the last term, in the case of Lewis v. Nuckols, 26 Mo. 278, that an appeal performed nothing more than would be effected by a writ of *certiorari*.

The county court of Polk county had no authority to appoint a curator for children who were not residents of the county. The order of appointment was void and may be treated as a nullity in a collateral proceeding. Regularly, the domicil of the parents is that of their children, and whilst the mother was a resident of Cedar county, a curator for her children could not be appointed by the county court of Polk county. This is the only safe rule, and the only one that will prevent confusion and conflict in the administration of the estates of minors. If one county court, because the minor has land in the ·county, may appoint a curator for him, so may every court where there is land in the county belonging to the minor, and so there would be many curators for the same child, and no subordinatian nor concert among them, nor

any means of enforcing it. (Ludlow's heirs v. McBride, 3 Ohio, 240; Maxom v. Sawyer, 12 Ohio, 206.)

For the reasons stated in the preceding part of this opinion, this cause will be dismissed, leaving the judgment of the county court rescinding the order appointing the curator in full force. The other judges concur.