THE COUNTY OF ST. LOUIS, Respondent, *v.* JOHN B. LIND and JAMES M. CLEMENS, JR., Appellants.

1. *County Court — Appeals from — Jurisdiction of Circuit Court.* — Under section 13 of an act about roads in St. Louis county, approved March 10, 1849, an appeal from a final order in the County Court does not authorize a trial of the case *de novo*, nor does it provide for preserving the matters of exception that may arise in the progress of the trial in the lower court; it has only the effect of taking the record of the County Court into the appellate court, as a writ of *certiorari* would. The Circuit Court can go no further than to ascertain whether the inferior court exceeded its jurisdiction, or in any respect proceeded illegally, in reference to the subject matter before it.

2. *County Court, appeal from — Action of the inferior court must be affirmed or reversed.* — The failure to find any error in the proceedings on such an appeal is not proper ground for dismissing the appeal. The question presented by the record should be passed upon by the Circuit Court.

*Appeal from St. Louis Circuit Court.*

*A. M. Gardner,* for appellants.

I. The appeal being regularly and properly taken for the purpose of a trial *de dovo* in the Circuit Court, appellants were entitled to it. Appeals from the County Court are governed by the same rules as those from justices of the peace, in which the trials in the Circuit Court are *de novo.* (Gen. Stat. 1865, chap. 136, p. 550, § 2, fourth clause.) There is no express or separate provision in the statutes prescribing how appeals from the County Court shall be taken, or prosecuted when taken. Wherever referred to in the statutes, they are almost invariably joined with appeals from justices of the peace. The same language is applied

The County of St. Louis v. Lind et al.

to both; the same rules as to taxation of costs and affirming the judgment. (Gen. Stat. 1865, chap. 173, pp. 688–9, §§ 14, 16.)

II. The County Court, although made by statute a court of record, has no common law jurisdiction, and a writ of error would not lie to it unless authorized by statute. Neither in practice nor by statute is there any way provided to preserve the testimony in the County Court any more than before a justice of the peace. No declaration of law is made by the court; no exceptions are preserved; no bill of exceptions could be made up or signed. An appeal, therefore, in the County Court, would, in almost every case, be impracticable and useless (especially where, as in this case, there was a trial before a jury, and testimony given), unless a trial *de novo* could be had. A writ of error would not lie to the County Court in a matter of probate. The case must be brought up in the usual way by appeal, and a trial *de novo* had in the appellate court. (N. Mo. R.R. Co. v. Green's Adm'r, 34 Mo. 159.) The statute makes no distinction in appeals from the orders or judgments of the County Court, whether made in probate or other matters. Trials *de novo* have been had on appeals from county courts. (Boggs v. Caldwell County, 28 Mo. 586; Walsh *et al.* v. Edmonson's Ex'r, 19 Mo. 142; County of Boone v. Corlew, 3 Mo. 12.)

*H. A. Clover*, for respondent.

FAGG, Judge, delivered the opinion of the court.

This was a proceeding instituted under the provisions of section thirteen of an act entitled "An act about roads in St. Louis county," approved March 10, 1849. It was commenced in the County Court of St. Louis for the purpose of having a certain quarry, the property of James Clemens, Jr., condemned for the use of the county in repairing a certain road mentioned in the application. A jury was summoned, as the law required, and its action being approved by the County Court, an appeal to the Circuit Court was prosecuted by Clemens.

The only matter for consideration here is the correctness of an instruction given by the latter court and its order dismissing the appeal.

The instruction reads as follows: "The court declares the law to be that, although an appeal may lie to the Circuit Court from a final order of the St. Louis County Court in proceedings had before said court under section 13 of an act about roads in St. Louis county, approved March 10, 1849, yet such appeal cannot authorize this court to try the matter *de novo*; and when such appeal is taken for the purpose of a *de novo* trial, and the record of the County Court shows no error, the appeal must be dismissed."

Upon the authority of the cases heretofore decided by this court, it would seem that the only effect of taking the appeal in this case was to take the record of the County Court up to the appellate court, just as a *certiorari* would. In the exercise of its appellate jurisdiction, the Circuit Court, without direct authority conferred by the statute, could not proceed to try the case upon the facts. (County of St. Louis v. Sparks, 11 Mo. 201; Lewis v. Nuckalls, 26 Mo. 278; Lacy v. Williams, 27 Mo. 280.)

Notwithstanding the fact that an appeal will lie in a case of this sort, it is clear that the Legislature has failed not only to authorize a trial *de novo*, which, all things considered, would seem to be the most reasonable and proper mode of proceeding, but has failed to provide for preserving the matters of exception that may arise in the progress of the trial by the lower court. The instruction, then, is correct in so far as it assumes the want of authority to try the case *de novo*. The appeal having no other effect than to take up the record of the County Court to the Circuit Court, the latter can go no further than to ascertain whether the inferior tribunal executed its jurisdiction, or in any respect proceeded illegally in reference to the subject matter before it.

The latter part of the instruction, however, assumes that where the appeal is taken for the purpose of a trial *de novo*, and the record shows no error, it must be dismissed. There was no finding by the court as to the matters properly presented by the appeal, but it seems to have been taken for granted that there was no error in the record of the County Court, and an order was thereupon made dismissing the appeal.

This was improper. Although the appellant may have insisted

upon such a trial in the Circuit Court, still it ought not to be assumed that that was the only purpose for which the appeal had been taken. There was no objection to the manner of taking the appeal, and the record seems to have been properly before the court for all the purposes contemplated by law, and the judgment of the County Court should either have been affirmed or reversed. The failure to find any error in the proceedings was not proper ground for dismissing the appeal. The appellant had a right to insist upon having the questions presented by the record passed upon by the Circuit Court.

The judgment of the Circuit Court will therefore be reversed and the cause remanded. The other judges concur.