IN THE MATTER OF J. B. LIND, Respondent, *v.* JAMES CLEMENS, Jr., Appellant.

1. *County Court — Public roads — Seizure of private property for — Act of March 10, 1849 — Proof as to effort to make bargain.*— The 13th section of the law "about roads in St. Louis county" (Sess. Acts 1849, p. 593), in effect authorized the seizure of material belonging to individuals, for road purposes, only "when no private bargain could be made on fair terms." Under this law the County Court could not authorize a contractor for building a public road to divest the owner of his property for such purpose, when the proof before it failed to show any attempt to make a bargain with the owner or the offer of any compensation for the material.

2. *Eminent domain —Private property taken for public use — Law authorizing the taking must be strictly complied with.*—Whenever, in pursuance of any law, the property of an individual is to be divested against his will, there must be a strict compliance with all the provisions of the law authorizing such a proceeding.

*Appeal from St. Louis Circuit Court.*

*A. M. Gardner*, for appellant.

I. The petition does not show, nor does the petitioner claim, that he offered or tried to make a private bargain with the owner for the rock or for the use of the quarry. Whenever the property of an individual is to be divested by proceedings against his will, there must be a strict compliance with all the provisions of the law. (Reitenburgh v. Chester Valley R.R. Co., 21 Penn. 100 ; Vail v. Morris & Essex R.R. Co., 1 Zabr. 189.)

II. No compliance with the law being shown in this case, the whole proceedings of the County Court were null and void, and their judgment should be reversed. (Stacy v. Vermont Central R.R., 27 Verm. 39 ; Blackwell on Tax Titles, 294 ; 1 Redf. on Rail. 239 ; Balt. & S. R.R. Co. v. Nesbit, 10 How. 395.)

*Clover*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

When this case was before this court on a previous occasion, it was decided that the appeal from the County Court to the Circuit Court did not authorize a trial in the latter court *de novo*, but

that still it was the duty of the Circuit Court to ascertain from the record whether the County Court exceeded its jurisdiction or proceeded illegally in reference to the subject-matter before it. (St. Louis v. Lind *et al.*, 42 Mo. 348.)

After the case was remanded, the Circuit Court, upon an inspection of the record, was of opinion that no error was committed in the County Court, and therefore affirmed its judgment, and the case is again here by appeal.

The proceeding was had under the thirteenth section of the law " about roads in St. Louis county," approved March 10, 1849. (Sess. Acts 1849, p. 593.) The section provides that if, in the construction of any of the public roads of the county, it shall become necessary to use stone, timber, or earth belonging to individuals, and no private bargain can be made on fair terms for the purchase of the same, it shall be lawful for the County Court to order the marshal of the county to summon a jury of six citizens not owning property on the road to be improved, who shall assess the damages to the freehold, and the value of the material wanted for public use; and if, upon the return of the verdict, the County Court shall assume to pay the damages and the value of ' the material thus to be taken, then it shall be lawful for the County Court, by its servants, agents, or contractors, to take and carry away, for the use of the public, such stone, timber, and earth as may be wanted.

Lind contracted to do certain work on the Olive street road, and he represented in his petition to the County Court that no quarry could be opened within a reasonable distance of the work whence he could obtain material, except the quarry which was already opened on the lands of Clemens. He also stated that he could not get permission from Clemens for the procurement of rock out of the quarry, although it would do very little or no injury to Clemens' property.

Upon this petition and representation, the County Court ordered the marshal to summon a jury to assess the damage, which was done. Clemens objected to the amount awarded, and moved the court to set the award aside, which motion was overruled, and this is the grievance complained of. Clemens was notified to

appear before the jury when the assessment was made, but the record does not show whether he was present or paid any attention to the notice.

The well-established and firmly-settled principle of law, founded in justice and reason, is that, whenever in the pursuance of any law the property of an individual is to be divested against his will, there must be a strict compliance with all the provisions of the law authorizing such a proceeding. So, if the statute only authorized proceedings *in invitum* after an effort had been made to agree with the owner on the compensation to be made, the fact of such effort and *its* failure must appear. (Reitenbaugh v. Chester Val. R.R. Co., 21 Penn. St. 100.)

The proceeding here was only authorized "when no private bargain could be made on fair terms." There is nothing to show that any attempt was ever made to make a bargain, or that any compensation was ever offered for the materials. The owner might well have refused to give permission to part with his property, when he would have been entirely willing to have sold it for a fair remuneration.

The opinion of Lind, when he was trying to wrest and appropriate Clemens' property, that it would do him very little or no injury, can not be regarded as of any great weight, nor can it help out the defective compliance with the law.

In my opinion, the judgment should be reversed and the cause remanded for further proceedings, etc. The other judges concur.