MARHEINEKE, *Plaintiff in Error*, v. GROTHAUS.

(*Two Cases.*)

**Domicile of Orphan Infant under Guardianship**: APPOINTMENT OF
GUARDIAN.  The domicile of an orphan infant under fourteen years
of age, is not changed by the act of his guardian in removing him
from the county where his parents lived and died to the home of
the guardian in another county, and his residence there.  Upon the
death of such a guardian while the child is still under fourteen, his
successor should be appointed by the probate court of the former
and not of the latter county.

*Error to Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED.

*T. W. B. Crews* and *W. C. Bragg* for plaintiff in error.

1.   The parents of the minor were domiciled in St.
Louis county; their home was the minor's; by no act of
hers could she have acquired a different one, for she was
incapable by reason of her infancy, of exercising a discre-
tion, and absence or removal by constraint would not have
changed her legal status.  *Forbes v. Forbes*, 18 Jur. 642 ;
Story Conf. Laws, § 46.  She could have lost this domicile
in but one of two ways :  *First*, By the choice of a guar-
dian resident of another county by the minor, she being
fourteen years of age; Wag. Stat., p. 674 §§ 13, 14, 15;
and, *Secondly*, By the death of the minor; not by the death
of the guardian.
2.   The practice of the circuit court would lead to
inextricable confusion in all matters pertaining to guardian-
ship and to administration.  The rightful jurisdiction of
the probate court of St. Louis county, a court identical in
its nature, authority and extent, had long before attached
to the party and the subject matter, and the law required
it to retain such jurisdiction for all purposes within the
scope of its duties, to finish up the work it had begun
*Ober v. Gallagher*, 93 U. S. 199 ; *Windsor v. McVeigh*, 93

U. S. 274; *Maxsom v. Sawyer*, 12 Ohio 206. Its jurisdiction is specially conferred by statute, and it could not abdicate it if it would. The order of appointment and the proceedings in the probate court of Franklin county were void. *Lacy v. Williams*, 27 Mo. 280; 2 Kent Comm., 226, notes (12 Ed).

*T. A. Lowe* and *J. C. Kiskaddon* for defendant in error.

The domicile of the parents is the domicile of their minor child. The infant cannot change its domicile of its own volition. Schouler's Dom. Rel., (2 Ed.) 312, 412; Story Conf. Laws, (3 Ed.) §§ 45, 46; Wharton Conf. Law, § 41; Wag. Stat., 599, § 60. The probate court of the county in which a minor has its domicile is the only court which has jurisdiction to appoint a guardian or curator. Wag. Stat., 672, §§ 3, 4, 7; *Lacy v. Williams*, 27 Mo. 280. The parents of the minor, in the cases at bar, having lived and died in St. Louis county, the probate court of that county was the proper court to appoint the first guardian. But he had the power to change his ward's domicile. Schouler's Dom. Rel., (2 Ed.) 452; *Anderson v. Anderson*, 42 Vt. 350. When he removed her from St. Louis to Franklin county and fixed her place of abode with his own family, he thereby changed her domicile, and such domicile continued to be in Franklin county until the death of the guardian; and, as the ward was a person not in *sui juris*, she could not change her domicile back to St. Louis county after her guardian's death. It follows, that, the minor being without a guardian, the probate court of Franklin county was the only court having jurisdiction to appoint one. The court which appointed the first guardian may not always appoint his successor. *Brown v. Lynch*, 2 Bradf. 214.

NAPTON, J.—These two cases depend on a single question common to both. That question is, whether Frederick Koehring, appointed guardian of Maria Marheineke by the probate court of St. Louis county, or Wm. Kelso,

appointed curator of the estate of the infant by the probate court of Franklin county, is entitled to the property sued for. The circuit court decided that the appointment of Kelso was valid, and consequently that of Koehring invalid, and, therefore, that the former was entitled to recover the estate of the minor. The facts are undisputed. Upon the death of the father and mother of Maria, both residents of St. Louis, her grandfather, John H. Koehring, was appointed her guardian and curator, by the probate court of St. Louis. He was a resident of Franklin county, though the father and mother of Maria lived and died in St. Louis. As the child's domicile was in St. Louis, no objection is raised to this appointment—it was unquestionably valid, and there was no objection in our laws to the guardian living in another county. Whether the probate court of St. Louis, which made this appointment was apprised of the fact that Koehring, her grandfather, lived in the adjoining county of Franklin, does not appear. That the appointment was a judicious one, is evident, and no question is raised in regard to its propriety. Very soon after this appointment John A. Koehring, who had removed the child to his home in Franklin county, applied to the probate court of St. Louis to have his guardianship removed to Frankin, for convenience to him, but the probate court of St. Louis declined to accede to this request, and the matter was finally abandoned. After two or three years, the guardian, Koehring, died, and the Franklin county probate court appointed Kelso her guardian and curator. About the same time the probate court of St. Louis county appointed the nephew of the former guardian and uncle of the minor, Fred Koehring, guardian and curator, and the only question in the case is, whether the first appointment or the last shall be recognized as proper. The appointment of Kelso as guardian was abandoned and rescinded, but he was still retained as curator of her estate.

The power of the Franklin county probate court is based on the ground that the domicile of the infant was

changed. It is conceded that her domicile was St. Louis when the appointment of John H. Koehring, her grandfather, was made, and that the appointment was a judicious one, though said Koehring resided in Franklin county. The said Koehring took the young child (only four years old) to his home in Franklin county. Upon his death the domicile of the child was claimed to be in Franklin, and that the control of the St. Louis probate court has ceased.

The question as to the power of a guardian to change the domicile of his ward has been the subject of much discussion. His right to do so, where the change from one county to another of the same state is concerned, and the courts are willing, seems to be conceded in the case of *Ex Parte Bartlett*, 4 Brad. R. 224, and the decision is a reasonable and sensible one, and Mr. Schouler seems to favor a liberal interpretation of the English decisions on this point, (Schouler Dom. Rel., p. 452,) but in that case the child was fourteen years old, and it was upon her petition the court was called upon to act. In the case now before us, the child was only four years old when the original appointment of her grandfather as guardian was made, and though he applied to have a change to Franklin county for convenience, his application was refused. When he died two years after, the question is, had the domicile of his ward been changed, so as to give jurisdiction to the probate court of Franklin county. During his life-time no such change had been effected, as the probate court of St. Louis had determined, on the ground, no doubt, that our statute had only recognized a right of the minor to change a domicile after arriving at fourteen years of age. The domicile of the child was that of the parents, and that was St. Louis county. If the St. Louis probate court was right in the position, the question is settled. The child was not more than six years old when her grandfather died, and the probate court of St. Louis, having refused to transfer the case to Franklin county, very properly determined to

continue its jurisdiction till the minor was competent to change it.

The whole argument of the counsel for the appellee is based on our statute which provides that "where any judge or justice, sheriff or constable is apprised that there is within his county any minor without any legal or natural guardian, he shall communicate the fact, with the name and residence of the minor to the court exercising probate jurisdiction, and the court shall proceed to appoint a guardian," etc. But it is clear that this section applies only to persons whose domicile is in the county, and this brings us back to the same question heretofore considered, whether the domicile of the child was changed by the guardian, who removed the child to his home in Franklin county Whilst the propriety of authorizing such changes of domicile, from one county to another is not questioned, when the legislature shall deem it expedient, it appears from our statutes that such change is not authorized until the ward attains the age of fourteen, and a change of guardian or curator is desired. Provision is then made for a transfer of the case to the county where the new guardian is selected. Meanwhile our legislature seems to have thought it expedient that the court first obtaining jurisdiction should continue to exercise it, until the contingency named in the statute should occur, and it is obvious that there are many grounds upon which the propriety of such a conclusion may be based. These grounds are suggested in the case of *Lacy v. Williams*, 27 Mo. 280. The case of *Anderson v. Anderson*, 42 Vt. 350, was the case of an insane person whose guardian removed him to another place of residence, and the right of a guardian to change the domicile of an insane ward was declared to be founded on obvious principles of humanity and justice, and supported by authority, and we are not disposed to question that determination.

The guardian in the present case did not succeed in changing the domicile of his ward, who was an infant, although he attempted to do so, but the court which origi-

nally appointed him declined to allow the change, and we think properly. There was no power given by our statute to authorize such change, and it was for the legislature to determine its propriety. The opinion of Chancellor Kent that the guardian had the right to shift the infant's domicile with his own, was not adopted by our legislature, except to a specified extent, and that was where the infant had attained a certain age, which, in the present case, had not occurred. We, therefore, conclude that the circuit court was wrong, and that the guardian appointed by the St. Louis probate court was entitled to the property he sued for, and not the one appointed by the Franklin probate court. Judgment reversed and cause remanded. The other judges concur.