W. C. LEWIS, Guardian, Respondent, *v.* CHARLES CASTELLO, Administrator, Appellant.

May 5, 1885.

| 17 | 593 |
| 38 | 565 |
| 17 | 593 |
| 44 | 41 |
| 17 | 593 |
| 45 | 419 |

1. ADMINISTRATION—DOMICILE OF MINORS—JURISDICTION—GUARDIANS.—The legal domicile of minor orphans is at the place where the surviving parent was domiciled at the time of his or her death, and the probate court of that county may appoint a guardian for them.

2.——A minor orphan does not lose his legal domicile merely because of his removal from the county temporarily to be cared for.

3.——ABSOLUTE ALLOWANCE TO ORPHAN.—The allowance to children under section 110 of the Revised Statutes, is properly made out of the estate of their mother, who, after the death of her husband, died leaving children under sixteen years of age.

APPEAL from the St. Louis County Circuit Court, EDWARDS, J.

*Affirmed.*

GEORGE W. ROYSE, for the appellant.

JAMES A. HENDERSON, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The guardian of two minor children under sixteen years of age applied to the probate court to have an allowance set out to them from the estate of their deceased mother, in the hands of her administrator, under the provisions of sections 107, 108 and 110, Revised Statutes. The statute relating to the administration of estates (Rev. Stat., sect. 105—109 inclusive) provides for certain allowances to the

widow, of specific property or of money in lieu thereof, in addition to her dower. This statute is kindred in its character with the statute which exempts certain personalty from execution or attachment for debt, and is designed to preserve in the widow the exemption which the statute allowed to the husband in his lifetime, and to vest the property, or the proceeds thereof if sold, in her absolutely. The statute as it stood before the revision was defective in this, that it contained no provision for a similar exemption in favor of minor children in case of the death of their father leaving no widow, or of their mother, she being a widow. To remedy this, the revisers of the statutes of 1879 added the following section : "In case of the death of a father leaving no widow, but minor children under sixteen years of age, such minor children shall be entitled absolutely to the property and allowances that the wife would have been entitled to under the provisions of this chapter, if she had survived her husband, and in case a widow shall die leaving minor children under sixteen years of age, they shall be entitled to the same property and allowances absolutely as the mother was entitled to take at the death of her husband."—Rev. Stat., sect. 110.

It is under the second clause of this section that the present proceeding was instituted. An allowance was made by the probate court, and the administrator appealed to the circuit court. The question for decision was presented to the circuit court upon the following agreed statement of facts :

"It is hereby stipulated by the parties hereto, that the testimony in the above entitled cause would show, that Henry Porter, the father of plaintiffs, died a resident of the county of St. Louis, on or about the 8th day of July, 1883, leaving a will, which was duly admitted to probate by the probate court of St. Louis county, on the 16th day of July, 1883 ; that his widow, Amanda Porter, was named in and by said will as executrix thereof, but that she failed and neglected to qualify as such and in a short time afterwards, to-wit, on the 20th day of September,

1883, died intestate, a resident of St. Louis county, leaving the plaintiffs, David Porter and Clara Porter, her minor children under the age of sixteen years; that Charles Castello, Public Administrator of the county of St. Louis, took charge of the estate of said Henry Porter and Amanda Porter, on or about the 1st day of October, 1883, and has proceeded to administer said estate, and now has the same in charge; that the said Amanda Porter left property, consisting in household and kitchen furniture and provisions, of the value of one hundred and forty-six dollars and seventy cents; and of horses, cows and farming utensils of the value of four hundred dollars, amounting in aggregate to five hundred and forty-six dollars and seventy cents; that the said Charles Castello, Public Administrator as aforesaid, has the proceeds of the same now in his possession, and that said sums have not been paid out or otherwise disbursed by said administrator. That, at the time of the death of the said Amanda Porter, the surviving parent of said plaintiffs, all the parties were resident of the county of St. Louis, and that, shortly afterwards, some member of the family took charge of the minors and took them to the city of St. Louis; that Walter C. Lewis was appointed by the probate court of the county of St. Louis, as guardian of the persons and estates of said minors; that the appointment was made upon the application of David A. Porter, for himself, who was over the age of fourteen years; that said W. C. Lewis, is an old personal friend of the family, and no objection is urged against him on any personal ground. The issue here raised is that the facts in evidence show the said minors to be residents of the city of St. Louis, and that the probate court of St. Louis county had no jurisdiction to appoint said W. C. Lewis, as guardian, and that the payment to him would be no relief to the administrator.

"2d. That the claim of the children for the said allowance must be made against the estate of the father, and cannot be made against the estate of the mother."

Upon these facts, the circuit court entered a decree,

ordered that the administrator pay to the guardian of the minor plaintiffs the sum of $546.70, and that the costs of this proceeding be paid out of the estate. From this decree the administrator now appeals.

No question is made as to the amount of the allowance, nor as to the propriety of its being paid entirely in money ; but the grounds on which the administrator seeks to support his appeal are :

1. That, at the date of the appointment of the guardian, the children were residents of St. Louis, and consequently that the probate court of the county of St. Louis had no jurisdiction to appoint him to the office of guardian. This position we think is not well taken. Section 2562, Revised Statutes, provides : " If a minor have no parent living, or the parents be adjudged incompetent or unfit for the duties of guardianship, the probate court of the county of the minor's domicile shall appoint guardians to such minors under the age of fourteen years, and admit those above that age to choose guardians for themselves, subject to the approval of the court."

Undoubtedly the probate court of a county in which the children did not have their domicile would not have authority to appoint a guardian for them. — *Lacy* v. *Williams*, 27 Mo. 280. But domicile and residence are not always synonymous. A person may have a legal domicile in one place and a temporary residence in another. The domicile of these children was unquestionably in St. Louis county at the time of the death of their mother ; for the rule is that the domicile of the parents is the domicile of their minor children. — *Lacy* v. *Williams, supra.* It does not appear that the residence of the minors in the city of St. Louis was more than temporary ; and we think it would be going too far to hold that minor children whose parents are both dead lose their legal domicile in the county where their parents lived and died, by the fact of their being temporarily taken and cared for by relatives in another county.

2. The second position of the appellant is that, if the

appointment of the guardian is held valid, then this application should have been made for an allowance out of the estate of their deceased father. This, we apprehend, is not what the statute means. The second clause of section 110 is to be viewed as stating and enacting a general rule applicable to all cases, and not as making one rule for one state of facts, and another rule for another state of facts. In this case although the father died but a few months before the mother, and the estate of each was in the hands of the same administrator, namely, the public administrator of the county, the second clause of the statute is to be applied just as it would be applied if the father had died ten years before and his estate had been wound up at the time of the death of the mother. We do not say that, under the circumstances of the case before us, the children might not have had an allowance out of the estate of the father, and that this would not have prevented them from having a similar allowance out of the estate of the mother. On this question we express no opinion, as it is not before us. If we are correct in this, it is immaterial that there was no evidence upon the point whether or not the mother had taken her dower and allowance out of her husband's estate prior to her death. As the children are entitled to take out of the mother's estate, it is immaterial in what manner the mother became possessed of the estate.

We are asked to give damages for a frivolous appeal. We shall not do this ; because, for aught we can see, the appeal may have been prosecuted by the administrator in good faith, with the view of protecting the estate in his hands and the sureties on his bond.

The judgment will be affirmed. All the judges concur.