Garrison v. Lyle.

O. F. GARRISON. Appellant, v. CAROLINE LYLE, Respondent.

Kansas City Court of Appeals, December 2, 1889.

*Rehearing denied, January 6, 1890.*

1. **Guardian and Curator, Appointment of:** ONE ORDER. Though the probate judge in vacation may make separate orders in appointing the same person guardian of the person and curator of the estate of a minor, such orders might properly have been embraced in one, and are provisional until the court acts upon them in term, when first an appeal will lie; and, on the filing of the transcript, the circuit court becomes possessed of the whole cause, and tries it *de novo*.

2. ———: JURISDICTION OF PROBATE COURT: DOMICILE OF MINOR: CHANGE OF RESIDENCE. To have jurisdiction over the subject-matter of the estate of a minor, the probate court must have acquired jurisdiction over the person of the minor, for whom the curator was appointed, at the time of such appointment, by the minor's residing in the jurisdictional territory of the court, and such jurisdiction, having once attached, will continue until properly ousted; and the removal of such minor, by his guardian or curator (even if such curator be his father or mother from whom the estate is not derived), within the jurisdiction of another court does not oust the court of its acquired jurisdiction, nor does such removal of the parent; and the court cannot, by non-action in refusing to appoint a successor to a deceased guardian and curator, abdicate its jurisdiction.

3. ———: ———: RES ADJUDICATA. The action of a probate court in refusing to appoint a successor to a deceased guardian on the ground of want of jurisdiction is not res adjudicata.

4. **Appellate Practice :** FINDING OF TRIAL COURT: INSTRUCTIONS. Where no instructions are asked or given to show the theory on which the trial court arrived at its finding and judgment, the appellate court is concluded thereby and is not at liberty to review the same.

*Appeal from the Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*McReynolds & Halliburton*, for the appellant.

(1) The circuit court of Jasper county acquired no jurisdiction in this matter. Two separate and distinct cases being brought up in one appeal and no appeal bond given, and O. F. Garrison's motion to dismiss the appeal should have been sustained. R. S. 1879, sec. 2616; R. S. 1879, sec. 293; R. S. 1879, sec. 294; Session Acts, 1881, page 35. The case of *Hall v. Audrain County Court*, 27 Mo. 329, relied on by respondent, does not control. It was under Revised Statutes of 1855, which is materially different from Revised Statutes of 1879. *Porter v. Todd*, 73. Mo. 101. (2) The judgment of the circuit court was wrong

in holding that the probate court had no jurisdiction to make the appointment of curator. Session Acts, 1885, p. 171; *Lacy v. Williams*, 27 Mo. 280. (3) Jasper county, Missouri, being the residence of Cornelius K. Garrison at the time of his death, it was also the residence of his son, Lyle Garrison, though he had never lived in said county. *Lewis v. Castello*, 17 Mo. App. 593; *Lacy v. Williams*, 27 Mo. 280; Kelly's Probate Guide, p. 395, sec. 3, and references. (4) The order of the probate court of St. Louis refusing to appoint a curator is *res adjudicata* and final in this case. The subject-matter being the same, and the same parties before the court. *Railroad v. Traube*, 59 Mo. 355; *Spurlock v. Railroad*, 76 Mo. 67; *Groscheke v. Bernheimer*, 15 Mo. App. 353; *State ex rel. v. James*, 82 Mo. 509.

*Harding & Buller*, for the respondent.

(1) The circuit court has jurisdiction of the appeal, and O. F. Garrison's motion to dismiss it was very properly overruled. R. S., secs. 2616 and 299. O. F. Garrison was appointed both guardian and curator by the judge in vacation. True there were two orders. But it might all have been done by one order, and at the same time. R. S. 432, sec 2577. Besides, whatever is done in vacation is subject to confirmation or rejection by the court in term time. Sess. Acts, 1885, pp. 171-2, secs. 1 and 2. No appeal would lie until the court had passed upon the appointments in term time, and this was done at one time by the order overruling Mrs. Lyle's motion to set aside the appointments that had been made in vacation. At most it was a mere blending of two causes in one, for which the proper remedy, if any were needed, would have been a motion to compel the appellant to elect on which cause she would proceed. *Otis v. Bank*, 35 Mo. 128; *Derman v.*

*Kellam*, 4 Abb. Pr. 202; *Martin v. Kenmore*, 11 How. Pr. 567. That Mrs. Lyle, as next of kin, and a party interested in the welfare of Lyle Garrison, had a right to appeal cannot be questioned. *Lacy v. Williams*, 27 Mo. 280. (2) The St. Louis probate court, having first acquired jurisdiction over the estate of Lyle Garrison, by the appointment of a curator for his estate, could not be ousted by his removal, even if he did, in fact, remove his actual residence to another county. *Mohrenske v. Grothaus*, 72 Mo. 204. In reference to an estate not derived from him, the statute places the father upon precisely the same footing as any other curator. R. S., p. 430, sec. 2560. The statute now, as under that decision, contemplates that a minor may change his residence at any time, but does not authorize a transfer of the estate until the minor arrives at fourteen years of age. R. S., secs. 2571, 2672; 72 Mo. *supra*. Besides which, there was conflicting evidence in the question of residence, and also lots of evidence, showing that Mr. O. F. Garrison was very far from being a proper person to be appointed curator, and, as no declarations of law were asked nor given, this court will not review the finding of the circuit court. *Easley v. Elliott*, 43 Mo. 289; *Thies v. Garbe*, 88 Mo. 146. (3) The order of the St. Louis probate court, refusing to appoint a curator for want of jurisdiction, did not make the matter *res adjudicata*. A dismissal of a proceeding on the ground of want of jurisdiction is never *res adjudicata*. *Bell v. Hoagland*, 15 Mo. 360; 1 Green. Ev. [7 Ed.] p. 659, sec. 530; *Miltenberger v. County Court*, 50 Mo. 172.

SMITH, P. J.—The record in this case shows that Cornelius K. Garrison and Alice Lyle were married in the city of St. Louis, and that there was afterwards born unto them a son, Lyle Garrison; that in 1882, while Garrison and his wife were living in St. Louis, the latter

departed this life, leaving surviving her, no child except her said infant son, who was then two or three years old. She left some personal property, consisting of stock in the Collier White-lead Company, of the value of five thousand dollars. Her husband, the said Cornelius K. Garrison, was, by the probate court of the city of St. Louis, appointed administrator of her estate, as well, also, as the curator of the estate of the said Lyle Garrison, and who duly qualified as such; that the said Garrison made several annual settlements of both of said estates with the said probate court; that, in the year 1887, the said Garrison took up a residence in Jasper county, but whether temporary or permanent does not appear very clearly by the evidence, and while so residing there, engaged in mining operations, he died. It seems that it was the request of Mrs. Garrison that, after her death, her sister, Mrs. Richardson, whose place of residence was in the city of St. Louis, should have the care and custody of the child, Lyle Garrison, to which request the father, Cornelius K. Garrison consented, and in pursuance of which an arrangement was entered into, whereby Mrs. Richardson took the child and kept him most of the time for several years, and until he was at the instance of his uncle, O. F. Garrison, surreptitiously taken from her, after which time he seems to have been in the custody of the uncle, and kept sometimes with his father's relatives, or at school in the city of St. Louis, and at other times he was with his uncle in Jasper county. In January, 1887, O. F. Garrison applied to the probate court of the city of St. Louis to be appointed curator of the estate of the said Lyle Garrison, which application was refused; afterwards on his own application the said O. F. Garrison was by the judge of the probate court of Jasper county, during the vacation of said court, appointed guardian of the person and curator of the estate of said minor. At a subsequent term of said probate court, Caroline

Lyle, the grandmother of said minor, filed a motion to set aside said orders of said probate court appointing the said O. F. Garrison guardian of the person and curator of the estate of said minor, which was over-ruled. Afterwards the said Caroline Lyle filed affidavit and bond for appeal to the circuit court of Jasper county, where it was adjudged that the appointment of O. F. Garrison as guardian be affirmed, and his appoint-ment as curator be set aside.

O. F. Garrison thereupon prosecuted his appeal here.

I.  The first contention of the appellant here made is, that the circuit court of Jasper county acquired no jurisdiction of the subject-matter of the appeal ; and in support of this contention it is suggested that there are two separate and distinct cases brought up by the appeal, and that the bond given is insufficient to authorize the appeal in such case.  It is quite true that O. F. Garrison was appointed both guardian of the person and curator of the estate by the probate judge in vacation, and this was accomplished by two different orders.  These orders might have been properly embraced in one order. (Revised Statutes, section 2577), and whether a probate judge shall make such appointment in one order or in two would make no practical difference except as to the amount of the fees.

In legal contemplation such an order, no difference what may be its form, would constitute but one order or judgment.  These orders were provisional and no appeal would lie therefrom until the court in term acted upon them.  At the first term of the court there-after a motion was made to vacate the said orders, which being overruled they stood as the judgment of the court, and from which a single appeal was properly allowed as we think.

The statute itself, sections 440 and 299, makes a sufficient answer to the appellant's objection in provid-ing that "upon filing of the transcript and papers in

the office of the clerk of the circuit court, the court shall be possessed of the cause and *shall proceed to hear, try and determine the same anew without regarding any error, defect or imperfection in the proceedings of the probate court.* The circuit court in disregarding the appellant's objection simply obeyed the mandate of the statute, no injury resulted to appellant in consequence of the action of the circuit court in entertaining the appeal. This point must be ruled against him.

II. It is strenuously insisted by the appellant that the circuit court erred in holding that the probate court had no jurisdiction to make the order appointing the appellant curator of the estate of said minor. It is not disputed that the appointment by the St. Louis probate court of Cornelius K. Garrison curator of the estate of said minor was a rightful exercise of the jurisdiction of that court. Every court, that its proceedings may be of any validity, must have jurisdiction over the subject-matter ; and, to have jurisdiction over the subject-matter of the estate of Lyle Garrison, the St. Louis probate court must also have acquired jurisdiction over the person of the said Garrison, for whom the curator was appointed, at the time when the appointment was made, by his being in the city of St. Louis.

The jurisdiction of the court over the estate of said minor, for all purposes within the scope of its statutory duties and functions, continued until properly ousted. *Ober v. Gallaher*, 93 U. S. 199 ; *Wonder v. McVeigh*, 93 U. S. 274; *Maxson v. Sawyer*, 12 Ohio, 206. It certainly could not voluntarily abdicate its jurisdiction.

There was evidence before the trial court that the said minor was to be raised by his aunt Mrs. Richardson in St. Louis, and it seems to have been the wish of both of his parents that the residence of their son should be with his aunt in that city. We should seriously doubt whether under the evidence this minor, who so far as we can see, was improperly taken by his uncle

out of the custody of his aunt, and removed to Jasper county, was thereby made a resident of that county. His residence there, we think, was not his legal domicile. *Louis v. Castello*, 17 Mo. App. 593.

But, be this as it may, it is now the established construction of the statute of this state, that the removal of a minor to another county does not deprive the probate court of jurisdiction it had rightfully acquired in the first instance over his estate. *Mohrienske v. Grothaus*, 72 Mo. 204.

The jurisdiction will continue until such minor attains the age of fourteen years, and until he shall select, before the court having jurisdiction of his estate, another curator whose residence is in a different county, when the court may in such case transfer his estate to the probate court of the county where such new curator resides. R. S., secs. 2571–2572.

A guardian or curator has not the right to shift the minor's domicile with his own (*Mohrienske v. Grothaus, supra*), except in cases when the minor has attained the age of fourteen years, of which there is no pretense in this case. The rule is the same in respect to the estate of a minor whose curator is his father or mother, when the estate is not derived from the parent acting as curator. R. S., sec. 2261. Regularly the domicile of the parents is that of the child, and an appointment of a curator, in the first instance cannot be made in a county different from that in which they reside. *Lacy v. Williams*, 27 Mo. 280.

But where such appointment of a parent as curator has been made the jurisdiction of the court making the appointment cannot be ousted by the removal of the parents to another county. In no view of this case did the probate court of the city of St. Louis lose its jurisdiction over the estate of Lyle Garrison; when his father, who was his curator, died, that court had the power to appoint a successor whose duty it was to take

charge of his estate and proceed with its management under the supervision of that court, and its refusal to do so did not deprive it of its jurisdiction in that matter. Its action in so refusing was not *res adjudicata*. A dismissal of a proceeding on the ground of want of jurisdiction is never *res adjudicata*. *Bell v. Hoagland*, 15 Mo. 360 ; Greenleaf's Ev. [7 Ed.] sec. 530.

As there were no instructions asked or given, it is impossible for us to know upon what theory the trial court arrived at its finding and judgment, which, in view of this fact, are conclusive upon us. We are not at liberty to review the same. *Thies v. Garbe*, 88 Mo. 146 ; *Parkinson v. Coplinger*, 65 Mo. 290 ; *McHugh v. Meyer*, 67 Mo. 334 ; *Hammon v. Renfrow*, 84 Mo. 332.

After a rather careful examination of the grounds upon which we have been invited to enter by the assignment of error we find ourselves vainly endeavoring to glean in a barren field. No errors harmful to the appellant being discovered in the record, the judgment of the circuit court will be affirmed. All concur.

*Rehearing denied, January 6, 1890.*