## Cox v. BOYCE et al., Appellants.

### Division One, December 12, 1899.

1. **Curtesy:** RIGHT OF SEIZIN. Right of seizin during coverture is essential to an estate of curtesy initiate. Hence if the remainderman (the wife) dies before the life tenant, her husband can not claim curtesy in his wife's land after the death of the life tenant.

2. **Judgment:** JURISDICTION: COLLATERAL ATTACK. If the subject of the adjudication of a court was of the kind of which the court had jurisdiction, and it appears on the face of the record that the proper parties were before it and that it proceeded within its lawful bounds, its judgment can not be collaterally attacked.

3. **Probate Court:** RESIDENCE OF MINOR. Unless it appears on the face of the record that the minor for whom the probate court appointed a guardian, was not a resident of the county, the appointment can not be attacked collaterally on the ground of the minor's non-residence.

4. ———: ———: IN LOCO PARENTIS. Where a father has surrendered his child to her grandfather to keep and care for, and the latter stands *in loco parentis* towards her, the residence of the grandfather is her residence.

5. ———: GUARDIAN: APPOINTMENT BY TWO COURTS: SALE OF LANDS: EJECTMENT. The grandfather of a minor was appointed her guardian by the probate court in one county, but no further proceedings were had in that county. The grandfather moved to another county, taking the child with him, and was there again appointed her guardian, and as such sold her interest in land of which she had come into possession, the proceedings being regular on their face. The child's father after her death brings this suit, in ejectment, as her heir, against the grantee in the guardian's deed. *Held*, that the proceedings of the probate court of the latter county, in appointing a guardian, can not be attacked in an ejectment suit on the ground that the court had no jurisdiction to make the appointment. The only way the appointment could be attacked would be by a direct proceeding to remove the guardian.

*Appeal from Lincoln Circuit Court.*—HON. CHAS. W. WILSON, Special Judge.

REVERSED AND REMANDED (*with directions*).

MARTIN & WOOLFOLK for appellants.

(1) The finding of the court that plaintiff had curtesy interest in the land was erroneous. The life estate of Mrs. Joseph Hunter was outstanding when plaintiff's wife died. In such a case no estate of curtesy exists. There was no seizin in the wife. Martin v. Trail, 142 Mo. 85. (2) In treating the only question presented upon the hearing it would be well to dispose of the cases of Lacy v. Williams, 27 Mo. 280; Marheineke v. Grothaus, 72 Mo. 204; Garrison v. Lyle, 38 Mo. App. 558, and other cases of like import by saying that in none of them did the question of jurisdiction arise in a collateral proceeding like the one at bar; but in all of them the question arose in a direct proceeding between guardians appointed or applications for appointment of guardians in different jurisdictions. For this reason none of these cases can have any bearing upon the question now being considered, as the attempt here is to show in a collateral proceeding that the probate court of Howell county had no jurisdic-

tion to appoint Slater guardian and curator.    This distinction is made clear in Johnson v. Beasley, 65 Mo. at pages 255 and 256.    (3)    A court can lose jurisdiction of a matter, once under its jurisdiction, by its failure to act in proper time—a failure to exercise that jurisdiction when it was its duty to do so.    Black on Judg., sec. 243; Witt v. Hinge, 58 Wis. 244. (4)    The order of the Howell county probate court, appointing Slater guardian and curator of Sarah M. Cox, after eight years residence by her in Howell county, was not void or without jurisdiction because of the previous appointment, but, at most, simply erroneous or irregular and liable to be reversed on appeal or vacated on a proper application in a direct proceeding, but not subject to collateral attack.    Johnson v. Beasley, 65 Mo. 256; Scott v. Crews, 72 Mo. 263; State v. King, 76 Mo. 513; Henry v. McCorkle, 78 Mo. 425; State v. Evans, 83 Mo. 325; Vosler v. Brock, 84 Mo. 574; Camden v. Plain, 91 Mo. 129; Borders v. Brown, 91 Mo. 432; State v. Malon, 99 Mo. 578; Bradford v. Wolf, 103 Mo. 391; Williams v. Mitchell, 112 Mo. 308; Marcy v. Stark, 116 Mo. 481; Leonard v. Spark, 117 Mo. 116; Rogers v. Johnson, 125 Mo. 213; Carey v. West, 139 Mo. 146; Howell v. Jump, 140 Mo. 441; Powers v. Sheckman, 126 N. Y. 554; O'Connor v. Higgins, 113 N. Y. 511.

NORTON, AVERY & YOUNG for respondent.

(1)    The mother died in Lincoln county, Missouri.    The father, the natural guardian and curator, lived here.    Therefore the probate court of Lincoln county alone had jurisdiction to appoint a curator.    Lacy v. Williams, 27 Mo. 280; Garrison v. Lyle, 38 Mo. App. 558; Marheineke v. Grothaus, 72 Mo. 204.    (2)    The county court of Howell county had no authority to appoint a curator for a child who was not a resident of the county in which the order of appointment was made.    The order of appointment was void and may be treated as a nullity in a collateral proceeding.    Lacy v. Williams, 27

Mo. 282; Garrison v. Lyle, 38 Mo. App. 553; Marheineke v. Grothaus, 72 Mo. 204. (3) Even though the child had resided in Howell county the appointment by the probate court of this county was a mere nullity because the probate court of Lincoln county had acquired jurisdiction and exercised it. The child had a curator subject to the orders of the Lincoln county probate court and that curator alone could act. Garrison v. Lyle, 38 Mo. App. 558. (4) This deed can be attacked collaterally because there was no subject-matter for the court to have jurisdiction of. The child already had a living representative, i. e., the curator appointed by the probate court of Lincoln county, Missouri. Andrews v. Avery, 73 Am. Dec. 356; Thompson v. Whitman, 18 Wall, 457; Rose v. Himely, 4 Cranch. 244; Griffith v. Teague, 3 Cranch. 23; Starbuck v. Murray, 21 Am. Dec. 177; Elliott v. Piersol, 1 Peters, 340; Post v. Caulk, 3 Mo. 31; State to use v. Green, 65 Mo. 530; Warren v. Carter, 92 Mo. 288; McCoy v. Stark, 116 Mo. 481; Freeman's Void Judicial Sales (1 Ed.), sec. 10; Rorer Judicial Sales (2 Ed.), secs. 452 and 488; Woerner's Am. Law Admr. (1 Ed.), sec. 247.

VALLIANT, J.— This is an action of ejectment, coming from the circuit court of Lincoln county.

The plaintiff claims the land in suit as sole heir of his deceased infant child, who was the sole heir of her deceased mother, who was the wife of plaintiff. Defendant claims under a deed from the child's curator made under judgment of the probate court of Howell county. The case turns on the question as to the validity of that deed.

There is an equitable defense set up in the answer, but as the case will be disposed of before we reach that defense it will be unnecessary to set it out in this statement.

The land came from Joseph Hunter, who was the great-grand-father of the plaintiff's deceased child, through whom he claims. Joseph Hunter died in 1877, leaving a will

whereby he devised his land to his wife for life, remainder to his nine children, and their heirs. One of these children died leaving two children, of whom plaintiff's wife was one, who therefore inherited one half of one ninth, subject to her grandmother's life estate, and dying in 1884, before her grandmother, the descent was cast on her child, who inherited the estate in expectancy, subject to her great-grand-mother's life estate. This great-grand-mother died in 1890, whereupon the life estate ended, and the remaindermen were entitled to possession.

After the death of his wife, in 1884, the plaintiff took his child, then but a few months old, to her maternal grandfather, Samuel Slater, and gave her to him to keep and care for, and he did so, the child living with him until her death in 1893. When the child was first given to Slater in 1884 all the parties named resided in Lincoln county. In July of that year the probate court of Lincoln county appointed Slater curator of the estate of the child and he qualified as such, but the child had no estate except her expectancy in this land. Later in the same year Slater moved to Howell county, and carried the child with him, where they resided until her death in 1893, and where he continued to reside. The records of the probate court of Lincoln county show no proceedings in the matter of the curatorship after the appointment. In 1891, after the death of the great-grand-mother and the termination of the life estate, the child being then entitled to possession of her share of the land, the probate court of Howell county appointed Slater curator of the child, he qualified as such, and regular proceedings in that matter were thereafter had in that court, in the course of which the court ordered the curator to sell his ward's interest in the land, which he did and made the deed under which defendants claim. The regularity of the proceedings in the probate court of Howell county are not questioned, but the point is made that those proceedings, though regular on the face of the

record, were *coram non judice* because the probate court of Lincoln county had already taken jurisdiction of the matter when the parties were resident there, and had appointed a curator who had not been discharged. That is the real point of contention in this case.

The trial was by the court without a jury and the finding and judgment were for the plaintiff, from which this appeal is regularly taken.

I. From the written opinion filed in the case by the learned trial judge it appears that whilst in his opinion the judgment of the Howell county probate court was not subject to the collateral attack made on it, yet the plaintiff was entitled to recover because he had an estate by the curtesy in the land, basing the conclusion on the decisions in Reaume v. Chambers, 22 Mo. 36, and Stephens v. Hume, 25 Mo. 349.

In those cases it was decided that an estate by the curtesy initiate, did not depend on actual seizin during coverture, for the reason that under our law, actual seizin in the ancestor is not necessary to cast descent. But the right of seizin during coverture is essential to an estate of curtesy initiate. The law on this subject is discussed and clearly shown in Martin v. Trail, 142 Mo. 85. Therefore, since the plaintiff's wife died during the lifetime of her grandmother, who was a life tenant under the will of Joseph Hunter, there was no right of possession during the coverture, and hence no estate of curtesy.

II. But the point of plaintiff's chief reliance is in his proposition that the probate court of Howell county was without jurisdiction, and all its proceedings in this matter void.

It is a well settled doctrine that if the subject of the adjudication is of the kind of which the court has no jurisdiction, its judgment is a nullity and may be treated as such, even in a collateral attack. But if it is a subject of the kind of which the court has jurisdiction, and it appears on the face of the record that the proper parties were before it and that it

proceeded within its lawful bounds, the judgment can not be·
impeached except in a direct attack.

The probate courts of· this State, though they are of lim-
ited, are not of inferior .jurisdiction, and when they have·
acted within their limits, their judgments "are entitled to the·
same favorable presumptions as are accorded to courts of gen-
eral jurisdiction, and are no more subject to collateral attack."·
[Sherwood v. Baker, 105 Mo. loc. cit. 475.]

There is no difference between the learned counsel in this·
case on these propositions, but they differ in their application
of them to the facts of this case.

This is a collateral attack on the judgment of the probate·
court, and can not prevail unless it appears that the court was
without jurisdiction of the case.   Sometimes the question of
jurisdiction in a particular case is a question of venue, and
that may be a question of fact to be decided in the first in-
stance by the court whose jurisdiction is invoked.   Probate
courts have jurisdiction to appoint curators for minors to ad-
minister their estates.   When application for the appointment
of a curator is made, the probate court is to satisfy itself if
the minor is a resident of the county, and if the court makes
the appointment the presumption is that it heard the evidence
and found the fact to justify its appointment.   Unless it
appears on the face of the record, that the minor was not a
resident of the county the proceedings of the probate court
can not be attacked collaterally on that ground.   In Lacy v.
Williams, 27 Mo. loc. cit. 282, cited by counsel for plaintiff,
the court say:   "The county court of Polk county had no
authority to appoint a curator for children who were not resi-
dents of the county.   The order of appointment was void, and
may be treated as a nullity in a collateral proceeding."   It
would appear from the report of that case that the fact that
the children did not reside in Polk county, was shown on the
face of the record of the county court.   However that may
be, there was really no occasion for the court to say that the·

appointment was a nullity and could be so treated in a collateral attack, because that was a direct proceeding in the county court to vacate its order appointing the curator, and that court did rescind it.

Garrison v. Lyle, 38 Mo. App. 558, was also a direct proceeding, begun in the probate court to vacate the order appointing the curator on the ground that the minor did not reside in the county. Marheineke v. Grothaus, 72 Mo. 204, was a contest between two curators as to which was entitled to the management of the estate, the one having been appointed by the probate court of St. Louis county, and the other by the probate court of Franklin county. What is said, therefore, in those cases as to the proper venue, or jurisdiction as governed by the venue, is no authority for a collateral attack on the judgment in question in this case. Starbuck v. Murray, 21 Am. Dec. (N. Y.) 172, is also cited in support of plaintiff's contention. That was a suit in New York on a foreign judgment which recited that the defendant had appeared in the case; he filed a plea denying the fact, and denied the jurisdiction of the foreign court of his person, and the New York court held that it was a good plea. But that was no collateral attack.

It appears from the evidence here that this child was in fact residing in Howell county when the probate court there made the appointment. True, the child's father at that time resided in Lincoln county, but the evidence shows that he had surrendered the child to her grandfather, and that the latter stood *in loco parentis* towards her, and therefore his residence was her residence.

It is contended that the probate court of Lincoln county had in 1884 appointed this same person curator for the child and that therefore the act of the probate court of Howell county was void. If there was a valid appointment and an existing curator under the jurisdiction of the probate court of Lincoln county that might be sufficient cause in a direct pro-

ceeding to rescind the appointment in Howell county; whether such rescission would affect rights acquired under the administration of the Howell county court would be a question for the court making the decree. But such fact can not be shown in a collateral proceeding to annul the judgment of the Howell county court which is fair and regular on its face, and to vacate a deed having all the appearance of having been executed under the sanction of a court of competent jurisdiction of such matters. [Johnson v. Beazley, 65 Mo. 256; Rowden v. Brown, 91 Mo. 429.]

Since so far as can be determined in a suit of this kind, all the title that the plaintiff's child ever had to this land passed under the curator's deed there is no necessity for a retrial of this cause.

The judgment is reversed and the cause remanded to the circuit court of Lincoln county with directions to enter judgment for the defendants. All concur.