## MARTS, GUARDIAN, *v.* BROWN, GUARDIAN.

GUARDIAN AND WARD.—*Foreign Guardian.—Domestic Guardian.*—The act of May 3d, 1869, (2 R. S. 1876, p. 593,) in relation to foreign guardians, authorizes the foreign guardian of non-resident wards to petition the circuit court of this State, having jurisdiction of a domestic guardian of such wards, who has in his hands assets belonging to them, for an order to the latter to pay such assets over to the former.

SAME.—*Power of Court over Assets.*—Such circuit court has the power to make such order, when, in its judgment and in the exercise of a sound discretion, it deems such order to be for the best interests of the ward.

SAME.—*Defence.—Pleading.*—To such petition, an answer, averring the unfitness of the persons with whom such wards reside to have charge of them, that they had been removed from this State by their mother without the consent of the domestic guardian, and that education and maintenance for them, free of charge, could be provided in this State, is insufficient.

From the Warrick Circuit Court.

*I. S. Moore,* for appellant.

*C. A. DeBruler* and *E. R. Hatfield,* for appellee.

BIDDLE, J.—The petition in this case shows, that the appellee is a resident of the county of Reno, in the State of Kansas; that he is the guardian of the persons and estates of Charles Gardner and August Gardner, minor heirs of August Gardner, deceased, late of Warrick County, Indiana; that the said minors reside with their

mother, Eliza Laroge, in the town of Hutchinson, in Reno County, State of Kansas; that, on the 18th day of August, 1874, the petitioner was duly appointed their guardian—setting forth his letters of guardianship, bond, oath, etc.; that Allen Marts was appointed guardian of said minors in Warrick County, State of Indiana, and has in his hands the sum of four thousand dollars, which sum of money is all the personal property belonging to said minors, who are of tender years, and reside with their mother as aforesaid, to be reared, maintained and educated at their said home in Kansas. Prayer, that said Marts be required to settle up the matters of his guardianship, and be required to pay whatever balance may be in his hands to the petitioner, and for general relief.

Answer:

First. General denial.

Second. That the father and mother of said minors were married in Warrick County, State of Indiana; that said minors, now of the ages of six and eight years, were born and reared in said county of Warrick; that their mother resided in said county until the spring of 1873; that the estate of said minors has been reduced to possession, and is now at interest, well secured; that said defendant was appointed as such guardian, at the request of the mother and other relations; that the mother, in 1868, married Otto Laroge, who is dissipated, cruel and improvident; that he has squandered the property of Eliza, the mother of the minors, and made ineffectual attempts to obtain allowances for the support of said minors; that Peter Gardner and Charles Gardner, uncles of said minors, "have manifested a willingness to educate, board and clothe said wards, in sickness and health, without reward or compensation;" that said Otto became involved in debt, and was compelled to sell the real estate belonging to said Eliza, and that they left said county and went to Kansas, where they now reside, without the knowledge or consent of the defendant, and took said children with

them; that he pursued them with the intention of bringing said children back, but was unable to overtake them, etc. Wherefore he prays judgment, etc.

A demurrer, alleging a want of sufficient facts, was filed to the second paragraph of answer, sustained by the court, and exception reserved. Trial by the court, finding for the appellee, motion for a new trial overruled, judgment, exception, appeal.

The evidence is not before us. We must, therefore, presume that the finding is correct.

Such proceedings by a foreign guardian are authorized by the act of May 3d, 1869, 2 R. S. 1876, p. 593, and approved in the case of *Shook* v. *The State, ex rel.,* etc., 53 Ind. 403. The court has general chancery jurisdiction in such cases, and, having jurisdiction over the resident guardian and the funds in his hands, belonging to the ward, has the power to order such funds to be paid over to the guardian in another state, where the ward is domiciled. The question of the exercise of this power is addressed to the sound judicial discretion of the court, to be determined upon principles of equity and justice, and comity between the states; and when it appears for the best interests of the ward, and does not appear that any principle of public policy will be violated, or the legal rights of citizens of this State injured, the court should grant the order. *Earl* v. *Dresser,* 30 Ind. 11.

According to these principles, we can not say that the facts set up in the second paragraph of the answer are sufficient to necessarily bar the action; and there being nothing in the record to inform us that the court did not exercise a sound judicial discretion, in making the order complained of, the judgment must be affirmed, with costs.