In re Wilson.

*In re* WILSON, *a Minor;* JOHN WICKHAM, *Curavor, Appellant.*

1. **Appellate Court**: JUDICIAL DISCRETION. The appellate court will review the erroneous exercise of judicial discretion by the lower court.

2. **Guardian and Minor**: REMOVAL OF ESTATE TO FOREIGN JURISDICTION. On an application to the probate court here, under Revised Statutes, section 2597, *et seq.,* by a guardian of a minor residing with the minor in another jurisdiction, for the removal of the minor's property from the custody of the curator here, and to the jurisdiction of the foreign guardian, it appeared that the property in the hands of the resident curator was safely secured, and yielding an income, that in the event of its removal it would be controlled by the father of the minor, who had wasted it when its former curator here. *Held,* reversing the judgment of the circuit court, that the probate court exercised its discretion soundly in overruling the application for the removal of the property.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED.

*J. L. Hornsby* for appellant.

(1) The court erred in admitting evidence of the fact that loans were made in New Mexico at larger rates

of interest than permitted by statute. (2) The removal of the funds of the ward's estate is not a matter of strict right, but one addressing itself solely and entirely to the sound discretion of the court. R. S., secs. 2597, 2598, 2609; *Earl v. Dresser*, 30 Ind. 11; *Marts v. Brown*, 56 Ind. 386. (3) The erroneous exercise of judicial discretion is a proper matter for consideration by appellate tribunals. *Walton v. Walton*, 19 Mo. 667; *Carr v. Moss*, 87 Mo. 447; *Nolan v. Brewster*, 17 Mo. App. 497. (4) The circuit court did not exercise a sound discretion in its judgment, and, in consequence, it should be reversed.

*Phillips & Stewart* for respondent.

NORTON, C. J.—On the third of March, 1885, W. B. Childers, the guardian in New Mexico of Fannie V. Wilson, a minor then residing there, made application to the probate court of the city of St. Louis, Missouri, to require John Wickham, the curator of said Fannie V. Wilson, in Missouri, where she had formerly resided, to deliver and turn over to said Childers as such guardian the property of said ward. The probate court overruled the application and Childers appealed to the circuit court of the city of St. Louis, where, upon a trial had, the court gave judgment for the petitioner Childers, granting the application for removal of the fund. From this judgment said Wickham has appealed, and insists that the facts of the case show that in granting said application the court exercised its discretion unsoundly.

On the trial, the applicant offered in evidence a copy of the record of his appointment as guardian of Fannie V. Wilson, made at the instance of W. K. P. Wilson, the father of said minor, by the probate court of Bernalello county, New Mexico; also of his bond as guardian. Evidence by deposition was also offered tending to show that the money belonging to the ward could be invested in New Mexico so as to yield a larger

income than it brought in Missouri, some of the witnesses testifying that it could be made to realize eighteen per cent., which portion of the evidence was objected to on the ground that the highest rate of interest allowed by the statute of New Mexico was twelve per cent. The applicant also introduced evidence to show that he was of good character, and a proper person to be guardian of a minor.

Wickham, the appellant here, offered in evidence the records of the probate court of the city of St. Louis showing that in 1874, W. K. P. Wilson, the father of Fannie V. Wilson, was appointed her curator and qualified as such ; also the order of said court, dated September 29, 1877, requiring further security of the curator ; also the order of said court, dated October 27, 1877, issuing attachment for said curator ; also the order of said court revoking the said curator's letters, and the record of said court of March 26, 1878, appointing John Wickham, curator of said Fannie V. Wilson. Said Wickham also offered in evidence the pleadings, judgment, and assignment of judgment of the St. Louis circuit court, from which it appeared that said Wickham as curator sued his predecessor in said trust, said W. K. P. Wilson, and the sureties on his bond as curator, and recovered judgment for the amount which said Wilson had received as curator.

The affidavit of Mrs. V. F. C. Zane, the maternal grandmother of the minor, was put in evidence, from which it appeared, in addition to the facts appearing from the record, that the sureties of said Wilson paid said John Wickham the amount for which he had recovered judgment against them, and that said Wilson had never repaid any part of the money so paid by the sureties on his account; the affiant further stated that she believed said Childers was appointed guardian of said Fannie, at the special instance and request of said W. K. P. Wilson, the father and former curator of said

In re Wilson.

minor, and that said Childers is and will be under the influence and control of said Wilson, who is desirous of having the minor's property removed to New Mexico in order that he may indirectly control the same, with the same result as when he controlled it as curator; that the mother of said minor is dead, and her father has married the second time, and has a numerous family by said second wife.

John Wickham also testified that he had obtained the money in his hands from the sureties on the bond of said Wilson, the former curator; also stated the amount of funds in his hands, and the amount of income realized therefrom. The fact is also stated in the abstract that since the trial the said minor, Fannie, and her father, have removed back to Missouri.

As bearing upon the question involved in this case, the following sections of the Revised Statutes are referred to:

Section 2597 provides that: "In all cases where any guardian and his ward may both be non-residents of this state, and such ward may be entitled to property of any description in this state, such guardian may, on producing proper proofs," demand, or sue for, and remove any such property, etc.

Section 2598 provides that, in such case, on the production of the proofs indicated in the statute, the probate court may discharge any resident guardian, and authorize the delivery of any property of the ward, upon proper receipts. Notice is required to be given to the resident guardian. "And the court may reject the application, and refuse such order, whenever it is satisfied it is for the interest of the ward that such removal shall not take place."

Section 2609 provides that if it appear to the court that a minor having a guardian in this state is not a resident of this state, and has a guardian in another state or territory; "the court may authorize, or compel,

the guardian or curator of such minor to deliver over to such foreign guardian all the property," etc.

Previous to the adoption of this statute, a foreign guardian could resort only to a court of chancery to have the funds of his ward transferred and turned over to him, and whether such transfer should be made rested in the sound discretion of the chancellor. Since the adoption of the statute, probate courts have been invested with the power to authorize the delivery of a ward's property to a foreign guardian. But, both at common law and under the statutes, such removal is not granted of strict right, but is made to depend on the judgment of the court in the exercise of a sound discretion, as to whether such removal would be to the interest of the ward. See statute above referred to, and *Earl v. Dresser*, 30 Ind. 11, and *Marts v. Brown*, 56 Ind. 386. That the erroneous exercise of judicial discretion is properly reviewable by an appellate court is established by the following authorities: *Walton v. Walton*, 19 Mo. 667; *Carr v. Moss*, 87 Mo. 447.

In the light of the facts disclosed by this record, and the cardinal principle, that in dealing with the estates of minors the chief object of courts is their preservation, and in view of the fact that the funds of the minor in the hands of Wickham were safely secured and yielding an income, and the further fact that in the event of the removal of the fund there was a strong probability that it would be controlled by the father of the minor, who, it appears, wasted the estate, and was unfaithful to his trust when confided to him as the former guardian of the said Fannie, in view of these things we are of the opinion that the probate court exercised its discretion soundly in refusing the application, and that the circuit court exercised its discretion unsoundly in granting it and ordering the removal.

The judgment is reversed, in which all concur.