# ISHAM AUSTIN'S ESTATE.

Kansas City Court of Appeals, January 10, 1898.

1. **Administration**: WIDOW'S ALLOWANCE AND DOWER: STATUTES. The statutes of Missouri giving a year's allowance and personal dower to widows is applied only to widows of parties domiciled in this state at the time of their death.

2. ———: ———: NEW MEXICAN LAW: ESTOPPEL. A widow who goes into a Missouri probate court and secures allowance for a year's provision and her personal dower is estopped on a distribution to allege the deceased was domiciled in New Mexico at the time of his death and to claim under the laws of that territory the moneys remaining on hand.

*Appeal from the Linn Circuit Court.*—Hon. W. W. Rucker, Judge.

Affirmed.

*F. W. Byrd & A. W. Mullins* for appellant.

(1) The transmission of a decedent's personal estate to legatees and distributees, whether he died testate or intestate, "is governed exclusively by the law of the decedent's actual domicil at the time of his death, no matter what was the country of his birth or his former domicil, or the actual *situs* of such property at the time of his death." Schouler on Executors and Administrators, sec. 16, p. 24; Story on Conflict of Laws [5 Ed.], secs. 465, 468, 481; 1 Woerner on Law of Am. Adm., sec. 64, p. 131; sec. 158, p. 360; 2 *Id.*, sec. 565, p. 1238; 4 Kent's Com. [9 Ed.], p. 605, mar. pp. 513, 514; 24 Am. and Eng. Ency. of Law, p. 425 and note 6. And the statute law of Missouri is in exact harmony with the general rule of law prevailing elsewhere, and so in terms provides for the distribution of the estates of nonresident decedents. R. S. 1889, secs. 261 and 262, pp. 168, 169. (2) Under the statute law of New Mexico, upon the death of a married man, if he leave no issue, his widow becomes his heir at law and is entitled to the whole of her deceased husband's estate remaining after the discharge of his debts and liabilities. Sec. 1422, Comp. Laws 1884; sec. 1413, Laws 1889, *supra*. And as to the rights and interest of his wife, Isham Austin died intestate. But if it be held that the will is operative at all as affecting the estate that would have gone to the widow had no will been made, the New Mexico statutes limited his power to dispose of more of his estate than one half thereof, less the sum of $500 exempt to his widow. See section

1378, the third and fourth clauses of section 1410, and section 1411, Laws of New Mexico of 1889, *supra;* and as to the exemptions, section 1421 of said laws of 1889, and section 19, on page 77 of the laws of New Mexico of 1887, *supra.* *Brown v. Scherrer,* 38 Pac. Rep. 430; *Mitchell v. Hager,* 3 Cal. App. 43; *Soltan v. Soltan,* 93 Mo. 307; *Rockhey v. Rockhey,* 97 Mo. 76; *Lilly v. Menke,* 126 Mo. 190, 210. The right of testamentary disposition of property is dependent upon statutory law. 1Redfield on Wills [1 Ed.], p. 1, sec. 1 and authorities, *supra.* (3) And the fact that the widow received on allowance to her $525, did not preclude her from distribution on final settlement of the estate. Authorities last cited, *supra.*

*J. M. Davis, C. C. Bigger* and *C. A. Loomis* for respondent.

(1) The judgment of the probate court of Linn county, awarding the appellant $400 dower and $125 for a year's provisions, as the widow of Isham Austin, deceased, out of the assets belonging to his estate in the hands of his administrator, upon her application in writing therefor filed in said court, and her acceptance of said allowances from said administrator is, as against appellant, conclusive that the domicil of the decedent was in this state at the time of his death, for the reason that the provisions of sections 105, 106 and 107, Revised Statutes of Missouri, 1889, have no application to the widows of nonresident decedents; 21 Mo. App. 531, and authorities therein cited. The presumption is that the probate court found that the domicil of decedent was in Linn county at the time of his death, as error will not be presumed. Broom's Legal Maxims, p. 945; *Porth v. Gilbert,* 85 Mo. 125; *Christ v. R'y,* 36 Mo. App. 663. (2) By claiming and having allowed

to her dower and a year's support out of the assets in the hands of the administrator of Isham Austin, deceased, and in her said claim asserting that said assets belonged to the estate of said decedent, appellant is estopped from claiming said assets as heir under the law of New Mexico. *Boyd .v. Redd*, 118 N. C. 680; 2 Scribner on Dower, chap. 11, sec. 16, p. 243; *In re Countryman's Estate*, 151 Pa. St. 577. (3) The law will not permit appellant to occupy inconsistent positions in the distribution of the assets belonging to the estate of the decedent. Her claim for and acceptance of dower in said estate under the statutes of Missouri, as the widow of the decedent, is inconsistent with her present claim to said assets as heir under the laws of New Mexico. Authorities last cited, *supra;* Bigelow on Estoppel [2 Ed.], 503; *Welsh v. Dameron*, 47 Mo. App. 221.

GILL, J.—This is an appeal from an order of distribution made on the final settlement of the estate of Isham Austin, who, it seems, was reared to manhood in Linn county, Missouri, but as a professional gambler spent the years of his maturity at various points in Kansas, New Mexico and Missouri. During most of this time, however, the deceased seems to have resided at Albuquerque, New Mexico, where he kept house with the appellant as a reputed wife. On account of failing health he left New Mexico in the early part of 1893 and came east, and, as he said, to die among his folks and at home. During the few weeks following he was under medical treatment at Philadelphia, thence came back to his sister's in Linn county, and thence, after remaining a few weeks, went to the home of his brother-in-law at Parsons, Kansas, where he died in July, 1893.

When he returned to this state from New Mexico he brought several thousand dollars in money, which

he deposited in a Linn county bank, and there, while at the home of his sister, he executed a will in which he stated that he had no wife or children and proceeded to give his entire property after payment of debts to his sisters and brothers. The subject of controversy here is the balance of money in the hands of Harvey, the administrator, left after payment of debts, etc. Shortly after said Austin's death his will was duly probated in Linn county, where also the probate court appointed an administrator with will annexed and who took charge of and administered the estate without objection from said Emma Austin or other person. In due season, also, the said Emma Austin, claiming to be the lawful widow of the deceased, applied to the probate court of Linn county both for her allowance of one year's supplies as well as $400 to be set apart to her as her absolute property as provided for the widow of a resident decedent under the laws of Missouri. This was resisted by the relations entitled under the will, but was nevertheless allowed by the court, and the administrator was ordered to and did pay the alleged widow $125 in lieu of a year's provisions, and a further sum of $400, in all $525, cash as provided for under the Missouri administration law.

After this, and when the final settlement was filed by the administrator, the reputed widow, Emma Austin, filed her petition in the probate court, in which she alleged that at the date of his death the said Isham Austin had his residence and domicil in the territory of New Mexico, and for that reason she claimed the remaining money on hands should be distributed and paid to her in accordance with the statute laws of said territory. This application was resisted; the probate court denied the petition, and ordered the said funds to be paid to the brothers and

sisters as provided in the will of the deceased. From this judgment said Emma Austin appealed to the circuit court, where on a trial the judgment of the probate court was affirmed, and an appeal was taken to this court.

In our opinion the judgment of the lower court was right and must be affirmed. We concede the rule that . the succession of personal property of the deceased is governed by the law of his domicil at the date of his death.

ADMINISTRA-
TION: widow's
allowance and
dower: statutes.

The question is, where was Isham Austin's domicil at the date of his death? At the trial testimony was introduced tending to prove that the domicil of said decedent was at that time in New Mexico; and on the other hand there was some evidence tending to prove that the deceased abandoned said residence before his death and resumed his old home in Linn county, Missouri. But the plaintiff widow, by her own conduct has, in so far as she and her rights are concerned, settled the question in favor of the Missouri domicil. By her own solemn acts Mrs. Austin is estopped to deny that her husband's domicil was, at his death, in this state. She came into the court having jurisdiction of the estate, and there, *as the widow of a resident*, applied for and received $525 of the estate. As the widow of Isham Austin she was thus entitled *only* on the theory and assumption that her said husband was, at his death, domiciled in this state. If the domicil of said decedent was in New Mexico, she had no right to said allowances. They are given only to the widows of resident parties. *Richardson v. Lewis*, 21 Mo. App. 531, and cases cited.

The widow then will not be allowed to go into court, apply for and receive funds from the estate, all on the ground that she is the widow of the deceased

whom ,she alleges was at his death domiciled in this state, and then subsequently be heard to claim other and further amounts on the alleged ground that her husband's domicil was not in this state but in another jurisdiction. She can not secure the judgment of a court in her favor on one state of facts, receive and enjoy the proceeds thereof, and then ask and secure a further judgment on the basis that such facts as formerly alleged and found were untrue. *Boyd v. Redd*, 118 N. C. 680.

*—: —: New Mexican law: estoppel.*

Applying, then, the laws of this state, it is clear that the judgment of distribution entered in the probate court and affirmed by the circuit court was correct, and the judgment should therefore be affirmed. It is so ordered. All concur.