JERRY C. CONNOR et al., etc., Respondents, v. W. S. PAUL, Appellant.

Kansas City Court of Appeals, May 31, 1909.

1. ADMINISTRATOR: Executor: Bond: Statute. Where a will appoints several persons executors to act without bond, the probate court may grant letters to a part of them without requiring a bond, the other appointee refusing to qualify.

2. ———: ———: Letters Testamentary: Collateral Attack. Letters testamentary are not subject to collateral attack even for failure to give bond.

3. CONTRACTS: Subscription: Compensation: Action: Appearance. A subscription was made to C, for building a hotel on a certain piece of property. The title to the property was put in a corporation which built the hotel. Held, that C's executor could maintain an action to recover the subscription.

Appeal from Jasper Circuit Court.—Hon. Haywood Scott, Judge.

AFFIRMED.

Geo. J. Grayston for appellant.

"Where there are two or more persons appointed co-executors in any will, none shall have authority to act as such or intermeddle, except those who give bond. . . . Provided, that in all cases where a testator by

his last will and testament provided for the appointment of an executor, and requests that such executor shall not be required to give bond," the giving of such bond shall be discretionary. R. S. 1899, sec. 12. (1) There is no security for creditors and legatees unless the courts hold the executor absolutely disqualified to act until he gives bond. Stagg v. Green, 47 Mo. 503. The request of a testator that certain persons shall be permitted to act as executors without bond, should be strictly construed and not extended beyond the language of the testator. Fairfax v. Fairfax, 7 Grat., 36; Langley v. Harris, 23 Tex., 564; Moon v. Mattoon, 163 Ill. 622, 45 N. E. 567; Moore Administrator v. Philbrook, 32 Me. 102, 52 Am. Dec. 642. (2) One Man Corporations. "It often happens that in the case of joint stock corporations all the shares fall into the hands of one man. This it seems does not operate to dissolve the corporation or to deprive him of his personal immunity from liability for its debts; but the corporate funds or properties remain so liable, while his individual estate is exonerated." 10 Cyc., 376; Banking Co. v. Eisenman, 21 S. W. 531, 14 Ky. L. 705, 19 L. R. A. 684; Bank v. Winchester, 119 Ala. 168, 72 Am. St. Rep. 904; Newton Mfg. Co. v. White, 42 Ga. 148; Packer v. Hotel Co., 96 Tenn. 252, 34 S. W. 209.

*Howard Gray* and *Phelps & Mooneyham* for respondents.

(1) We believe that if a testator was to provide in his will for five persons to act as executors, and should state that three of them should be permitted to serve without bond, that these three would be permitted to serve although the other two would be required to give bond. The case of Fairfax v. Fairfax, 7 Grat., 36, cited by appellant, is an authority in favor of the respondents. (2) The law is not settled in this State that the orders of the probate court in granting letters of administration are not subject to a collateral attack and that when a probate court has granted letters of administration on a

decedent's estate, the grant has validity until it is set aside in a direct proceeding or on an appeal. In re Estate of Davison, 100 Mo. App. 263; Macey v. Stark, 116 Mo. 481; Riley's Administration v. McCord's Administration, 24 Mo. 269. (3) The general rule is that the entire absence of a bond is insufficient to sustain collateral attack. Beresford v. Coal Co., 98 N. W. 902, 70 L. R. A. 256; Wiltsey v. Wiltsey, 109 N. W. 776; Gallagher v. Holland, 18 Pac. 834; Ryan v. American, 96 Ga. 322, 23 S. E. 411; Hine v. Hussey, 45 Ala. 496. (4) The agreed statement of facts shows that the plaintiff promised to pay Thomas Connor if Thomas Connor would do certain things, and that Thomas Connor agreed in writing to do those things, and did do them. The fact that the title to the old Joplin Hotel stood in the name of the Connor Realty Company made absolutely no difference in Thomas Connor's right or his executors,' in case of his death, to sue for the amount of this subscription. R. S. 1899, sec. 541; Simons v. Wittmann, 113 Mo. App. 357; Sawyer v. Wabash Railroad, 156 Mo. 468; Hitch v. Stonebraker, 125 Mo. 128; Johnson v. O'Shea, 118 Mo. App. 287; Geer v. The Zinc Co., 126 Mo. App. 173; Warehouse Co. v. Railroad, 124 Mo. App. 564; Harrigan v. Welch, 49 Mo. App. 496.

ELLISON, J.—This action is based on a contract of subscription. The judgment in the trial court was for the plaintiff.

It appears that Thomas Connor in his lifetime contemplated the erection of a new hotel in the city of Joplin on the site of an old one. It was believed that the erection of such a hotel as he contemplated would greatly improve the city, and a number of citizens, this defendant among them, agreed to contribute towards the enterprise. Defendant subscribed one thousand dollars.

Connor died and left a will in which he appointed five executors including William H. Phelps, and he directed that they be not required to give bond. Phelps

declined to serve and the remaining four, these plaintiffs, qualified and were permitted to do so by the probate court without giving bond, as provided in the will.

Defendant now insists that plaintiffs are not capacitated to maintain this action on the ground of not having given bond as provided by statute—his point being that notwithstanding the statute (section 12, Revised Statutes 1899) permits executors to act without bond when so provided in the will, yet since one of the executors in this instance refused to act, the exemption from giving bond did not apply. He suggests that the exemption was provided for all and that the testator may have been induced to exempt all by reason of his confidence in the business capacity of the one refusing. That statute reads:

"When there are two or more persons appointed co-executors in any will, none shall have authority to act as such or intermeddle, except those who gave bond: Provided, that if more than one wish to qualify, they shall be required to give a joint bond: Provided, that in all cases where a testator, by his last will and testament provides for the appointment of an executor and requests that such executor shall not be required to give bond, the giving of the bond shall be then in the discretion of the probate court."

We have not been cited to a case supporting defendant's point. That of Fairfax v. Fairfax's Ex'r, 7 Gratt. 36, does not, for there two executors were named by the testator to serve without bond. Afterwards a third was added by codicil without such exemption, and it was held that he should give bond.

But no effect can be allowed to the point from the fact that these plaintiffs have duly qualified and are acting as such under the direction and letters of the probate court. Their capacity is not subject to collateral attack. [In re Estate of Davison, 100 Mo. App. 263; Riley v. McCord, 24 Mo. l. c. 269.]

The failure to give bond is not such an irregularity as would justify a collateral attack. · [Wiltsey v. Wiltsey, 135 Iowa 430; Ryan v. American Freehold Co., 96 Ga. 322.] Nor is failure to subscribe to an oath of office. [Gallagher v. Holland, 20 Nev. 164.]

Defendant's second point is equally unsound. It is substantially this: That the title to the site on which the hotel has been erected is in a corporation known as the Connor Realty Company, and that that company constructed the building. The contract of subscription was made with Connor as an individual and he or his executors can maintain an action on it. [Simons v. Wittmann, 113 Mo. App. 357; Harrigan v. Welch, 49 Mo. App. 496.]

The judgment was manifestly for the right party and it is affirmed. All concur.