CITIZENS BANK & TRUST COMPANY, a Corporation, Guardian and Curator of OBIE L. FULGHAM, a Minor, Respondent, v. N. M. MOORE, Guardian and Curator of OBIE L. FULGHAM, a Minor, Appellant.*

St. Louis Court of Appeals. Opinion Filed June 24, 1924.

1. **GUARDIAN AND WARD: Foreign Guardian: Right to Property of Ward: Discretionary: Statute.** By section 425, Revised Statutes 1919, probate courts are invested with the power to authorize the delivery of a ward's property to a foreign guardian, but both at common law and under the statutes, such removal is not granted of strict right, but is made to depend on the judgment of the court in the exercise of a sound discretion, as to whether such removal would be to the interest of the ward.

2. **JUDGMENTS: Probate Courts: Jurisdiction: Conclusiveness: Collateral Attack: Res Adjudicata.** Probate courts are regarded as courts exercising general jurisdiction upon matters committed to them by the statutes, and they possess original and general jurisdiction with respect to matters of guardians and curators of

minors; therefore, with respect to probate court judgments, the rule obtains that, where the fact upon which the power of the court to act depends is referred by the lawmakers to be determined by the court, a determination of that fact by such court is conclusive and cannot be questioned in other than a direct proceeding to that end, and this is true even though the court finds the fact erroneously, and the finding of such a fact is *res adjudicata*.

3. ———: ———: ———; Record Disclosing Lack of Jurisdiction: Judgment Void: May be Attacked Collaterally. Where the record shows on its face that the court was not possessed of jurisdiction in the cause, the judgment is absolutely void, and in such cases it may be assailed in a collateral proceeding or set aside at a future term by the same court; but, where the judgment is fair on its face, it may not be assailed at all in a collateral proceeding; nor in any manner at a subsequent term other than in a direct proceeding.

4. ———: ———: ———: Appointment of Foreign Guardians: No Defect Appearing Upon Record: Not Open to Collateral Attack: Res Adjudicata. Where no defect appears upon the record, the judgment of the probate court of the county in another state appointing a guardian of a minor, must, in collateral proceedings in this State, be regarded as *res adjudicata*, irrespective of whether or not such probate court may erroneously have found that the minor was a resident of such county.

5. ———: ———: ———: Judgments of Sister States: Collateral Attack: Rule. The rule in Missouri as to probate court judgments, is that if the judgment roll shows a judgment on a subject-matter within the jurisdiction of the court, and shows service upon the defendant, it is good as against a collateral attack, and under federal law a judgment of a sister state must be treated likewise, and can only be attacked for infirmities not apparent upon the face of the record by some direct action.

*Headnote 1. Guardian and Ward, 28 C. J., section 465; 2. Judgments 23 Cyc, pp. 1061, 1088; Courts, 15 C. J., section 419; 3. Judgments, 23 Cyc, p. 1073; 4. Judgments, 23 Cyc, p. 1577; 5. Judgments, 23 Cyc, p. 1587.

Appeal from the Circuit Court of Cape Girardeau County.—*Hon. Frank Kelly*, Judge.

AFFIRMED.

*Sam J. Corbett* for appellant.

*Ward & Reeves* for respondent.

BECKER, J.—This is a proceeding filed originally in the probate court of Pemiscot county, Mo., by the Citizens Bank & Trust Company, of Marks, Miss., as guardian and curator of Obie L. Fulgham, a minor, in that State, to require N. M. Moore, the Missouri guardian and curator, to turn over to it, the said Mississippi guardian and curator, the funds in the hands of said Moore.

The probate court of Pemiscot county made the order requiring Moore to turn over the funds in his hands to the said Mississippi guardian, from which order Moore appealed to the circuit court of Pemiscot county, and a change of venue was taken from said circuit court to the circuit of Cape Girardeau county, which last-named court rendered judgment affirming the order of the probate court, and again directed the turning over of said funds by Moore to the said Mississippi guardian, the respondent herein.

The facts in the case are substantially as follows: Obie L. Fulgham, the minor, is the stepson of the appellant, N. M. Moore. Moore married Obie's mother when the minor was about two years of age, and at the time of the marriage all of the parties lived in the State of Mississippi. About seven years before this suit was tried Moore with his family, in which was the minor, Obie Fulgham, moved to Wardell, in Pemiscot county, Mo., where Mrs. Moore died on the 30th day of September, 1920. Mrs. Moore had two children prior to her marriage to Moore, Mattie Cliffton (née Fulgham) and Obie L. Fulgham, and after her marriage to Moore had two children by Moore, named Pauline and Putnam.

Mrs. Moore left $3000 life insurance, payable to Obie L. Fulgham, Pauline Moore, and Putnam Moore. N. M. Moore, the appellant, was appointed guardian and curator of these three children and collected the life insurance. On the 23d day of December, 1920, N. M. Moore, according to his version of the matter, permitted Obie L. Fulgham to visit his grandmother and other relatives in Quitman county, Miss., with the understanding that he would return to Wardell, Pemiscot county, Mo., on the 10th of January, 1921, whilst according to Obie L. Fulg-

ham's testimony he told his stepfather, Moore, when he started on his trip, that he did not intend to return, but would make his home with his grandmother and his uncle, J. C. White, in Mississippi. Obie did not return and on the 7th day of September, 1921, J. C. White, an uncle of Obie, filed in the chancery court of Quitman county, Miss., his petition for appointment of a guardian and curator for the said Obie L. Fulgham, alleging among other things "That Mrs. Fannie Moore, late of Wardell, Mo., deceased, left surviving her one minor child in this county and State (Quitman county, Miss.), Obie L. Fulgham, a minor, aged fourteen years in September, 1921; that said minor is a resident of this county," and then alleges his right to an estate of about $1000, and that a legal guardian is necessary for the protection thereof, and then, "that the petitioner is the uncle and natural guardian of said minor, and as such has had since the death of the decedent, the custody and tuition of said minor," and prayed the appointment of the Citizens' Bank & Trust Company as guardian for said minor. The appointment was made.

After this appointment was made, this proceeding was brought in probate court of Pemiscot county, Mo., to have N. M. Moore, the resident guardian and curator of said minor, to turn over the funds in his hands to the respondents, the foreign guardian. N. M. Moore was cited to come into court, make his final settlement, and turn over the funds in his hands to the respondent. Moore made his settlement, which showed a balance in his hands due the estate of said minor in the sum of $844.52, but contested the matter of transferring the funds, and filed his plea to the jurisdiction of the court, as is shown by the record, giving as his reasons: First, that the minor, Obie L. Fulgham, is not a resident of the State of Mississippi, where a guardian is alleged to have been appointed for him, but is a resident of Pemiscot county, Mo., and a stepchild of the said N. M. Moore, his resident guardian, and was reared by him, and that said minor has a half-sister and half-brother, own children of the said N. M. Moore; that said N. M. Moore permitted

the said minor to visit his relatives in the State of Mississippi, and said minor is merely on a visit to that State, and not a resident thereof, and for that reason the order for the transfer of said funds cannot be legally made; second, that no notice of the intended application for said order has been given him, and the court is without authority of law to make said order, or to issue said citation.

In the circuit court of Cape Girardeau county, the respondent on the hearing offered his certified and authenticated records of the chancery court of Quitman county, Miss., and the records of the probate court of Pemiscot county, Mo., ordering a transfer of the funds, and upon the appellant offering his evidence as to the age and residence of the minor the respondent, while the case was held under advisement, took depositions in Mississippi, in which it undertook to show that the minor was over fourteen years of age at the time the Mississippi guardian was appointed, and to show that N. M. Moore was not kind and considerate of the minor, and that a home with his uncle and grandmother in Mississippi would be to the best interest of the said minor.

Obie Fulgham testified that at the time his deposition was taken on November 24, 1922, he was sixteen years of age; that he left Missouri on December 23, 1920, for the purpose of making his permanent home with his grandmother and uncle in Mississippi; that his stepfather, N. M. Moore (appellant) knew at the time that he was going to Mississippi for that purpose; that while he lived with his stepfather he was not permitted to attend school and was forced to work all the time, and was only able to enter the fourth grade at school when he went to Mississippi to live; that his stepfather was mean to him, whipped him, and cursed him; that he was well cared for in Mississippi, where he lived with his uncle, J. A. White, and his grandmother, Mrs. M. P. White; that his uncle and grandmother sent him to school all the time, and that they are good to him and his grandmother is as good to him as was his own mother, and that his mother said before her death that she wanted him to live with his grandmother if she (his mother) should die

Obie further testified that he was not willing under any circumstances to come back to Missouri and live with his stepfather. He further testified that Mr. Moore consented for him to go to Mississippi to live with his uncle and grandmother and gave him barely enough money to go on, and for lack of funds he had to sit up in the depot all night at Memphis, Tenn., while en route to his grandmother's.

The appellant then offered the family Bible showing the age of the minor, but the same was excluded by the learned trial court on the ground that it was not shown that the entry in the Bible was made simultaneous with the birth of Obie Fulgham, to which ruling of the court the appellant duly excepted.' The appellant also offered a letter purported to have been written by Obie Fulgham to his sister, Mrs. Mattie Clifton, showing his desire to return to his home in Wardell, Pemiscot county, Mo., and to his brother and sisters, and showing that he was being detained in Mississippi against his will, and that he was coming home the first chance he got.

The learned trial court upon the evidence adduced rendered judgment affirming the judgment of the probate court adjudging and ordering a transfer of funds in the hands of the defendant, N. M. Moore, guardian and curator of Obie L. Fulgham, a minor, under appointment of a Missouri court, to the Citizens' Bank & Trust Company, a corporation, guardian and curator of said Obie L. Fulgham, a minor, under appointment of a court in the State of Mississippi. Said Moore in due course appeals.

It is to be noted at the outset that the proceeding is in effect brought under section 425, Revised Statutes of Missouri 1919, which provides as follows:

"Transfer of Guardianship to Another State.— Whenever it shall be made to appear to the court that any minor having a guardian in this State is not a resident of this State, and has a guardian in another State or territory, the court may authorize or compel the guardian or curator of such minor to deliver over to such foreign guardian all the property of which he may have

the custody, belonging to such minor, and make a full and perfect settlement of his guardianship or curatorship with such foreign guardian; and the receipt of such foreign guardian shall fully discharge such resident guardian or curator, and his sureties, from all liability on account of the property so delivered to such foreign guardian.''

In the case of In re Wilson, a Minor (John Wickham, Curator), 95 Mo. 184, 8 S. W. 369, it was held that since the adoption of what is now section 425, Revised Statutes of Missouri 1919, probate courts have been invested with the power to authorize the delivery of a ward's property to a foreign guardian—''but both at common law and under the statutes, such removal is not granted of strict right, but is made to depend on the judgment of the court in the exercise of a sound discretion, as to whether such removal would be to the interest of the ward. See statute above referred to, and Earl v. Dresser, 30 Ind. 11, and Marts v. Brown, 56 Ind. 386.''

And this court, in the more recent case of Bowles v. Troll, 190 Mo. App. 108, loc. cit. 117, 175 S. W. 324, quotes from and cites with approval what we have quoted from In re Wilson, supra.

The circuit court as well as the probate court, on the testimony adduced in this case, evidently reached the conclusion, and properly so, that the minor at the time of the bringing of this action was and for a period of two years theretofore had actually been in the care and custody of his grandmother and uncle in the State of Mississippi, and that they furnished the minor a good home with a good moral environment, and that under their direction the minor was attending school, and perhaps also that the defendant Moore was not a suitable and proper person to have the care and custody of the said minor, and that in light of all of the facts and circumstances the best interest of the child was to remain with his said grandmother and uncle in Mississippi, and that, in order to further conserve the interest of the minor, it was meet and proper that the personal estate of the

minor be transferred to the guardian and curator duly appointed and qualified in the State and county of the minor's actual residence.

However, the defendant, Moore, here on appeal, seeks to urge that the chancery court of Quitman county, in the State of Mississippi, wholly lacked jurisdiction to appoint a guardian for Obie L. Fulgham on the ground that the residence of the said Obie L. Fulgham must in law be held to be that of Pemiscot county, Mo., where his mother lived at the time of her death, and that therefore the attempted appointment of a guardian by said court was void.

The probate courts of this State are now regarded as courts exercising general jurisdiction upon matters committed to them by the statutes, and they possess original and general jurisdiction with respect to matters of guardians and curators of minors; therefore with respect to judgments of our probate courts the rule obtains that, where the fact upon which the power of the court to act depends is referred by the lawmakers to be determined by the court, a determination of that fact by such court is conclusive and cannot be questioned in other than a direct proceeding to that end, and this is true even though the court finds the fact erroneously. And a finding of such a fact is *res adjudicata*. [Johnson v. Beazley, 65 Mo. 250, 27 Am. Rep. 276; Hadley v. Bernero, 103 Mo. App. 549, 78 S. W. 64; Cox v. Boyce, 152 Mo. 576, 54 S. W. 467, 75 Am. St. Rep. 483; Grignon's Lessee v. Astor, 43 U. S. (2 How.) 317, 11 L. Ed. 283; Seafield v. Bohne, 169 Mo. 537, 69 S. W. 1051.]

Where the record shows on its face that the court was not possessed of jurisdiction in the cause, the judgment is absolutely void, and in such cases it may be assailed in a collateral proceeding or set aside at a future term by the same court; but, where the judgment is fair on its face, it may not be assailed at all in a collateral proceeding, nor in any manner at a subsequent term other than in a direct proceeding to that end. [Smith v. Young, 136 Mo. App. 65, 117 S. W. 628, and cases therein cited.]

Concededly the instant case is a collateral proceeding and under the adjudicated cases, no defect appearing upon the record itself, the appointment of the Citizens Bank & Trust Company as guardian and curator of Obie L. Fulgham by the chancery court of Quitman county, in the State of Mississippi must, for the purpose of this case, be regarded as *res adjudicata*, irrespective of whether or not the Mississippi court may erroneously have found that Obie L. Fulgham was a resident of Quitman county, Miss. [Wyatt v. Wilhite, 192 Mo. App. 551, loc. cit. 553, 554, 183 S. W. 1107; Johnson v. Beasley, supra; Hadley v. Bernero, supra; Cox v. Boyce, supra; Seafield v. Bohne, supra; Smith v. Young, supra; Austin Estate, 73 Mo. App. 61; In re Estate of Davison, 100 Mo. App. 263, 73 S. W. 373; Connor v. Paul, 138 Mo. App. 16, 119 S. W. 1006. See, also, McIntyre v. Railway Co., 286 Mo. 234, 227 S. W. 1047, and cases therein cited.]

Nor is there any merit to the contention that the authorities above cited have no application in the instant case in that the judgment herein sought to be attacked is that of a sister State. Our Supreme Court, in an opinion en Banc, has directly passed upon this question in the recent case of Howey v. Howey, 240 S. W. 450, loc. cit. 456, wherein it is held that—

"If this be a collateral attack, then under our rule as to judgments from sister States, we must apply our rule of collateral attack in cases involving collateral attack on domestic judgments. Under the federal law we must treat the judgment of a sister State just as we treat one of our own. Our rule is that if the judgment roll shows a judgment on a subject-matter within the jurisdiction of the court, and shows service upon the defendant, then it is good as against a collateral attack. In other words, if the judgment is to be attacked for infirmities not apparent upon the face of the record, then it must be reached by some direct action. [Cox v. Boyce, 152 Mo. loc. cit. 581, 54 S. W. 467, 75 Am. St. Rep. 483; Rivard v. Railroad, 257 Mo. loc. cit. 168, 165 S. W. 763; Abernathy v. Railroad (Mo. Sup.) 228 S. W. loc. cit. 487;

Cole v. Parker-Washington Co., 276 Mo. loc. cit. 272, 207 S. W. 749, 766.]''

Our views as herein expressed make it unnecessary to advert to the several other assignments of error noted here by appellant. In the record before us we find no error prejudicial to the merits of defendant's case. The judgment of the trial court is in accordance with the law and abundantly sustained by the evidence and should be affirmed. It is so ordered. *Allen, P. J.,* and *Daues, J.,* concur.