Edmond J. KERBER and John F. Kerber, Partners, d/b/a J. V. Kerber and Sons (Plaintiffs), Respondents,

v.

William G. ALT, Administrator of the Estate of August Davidter, Deceased (Defendant), Appellant.

No. 28846.

St. Louis Court of Appeals. Missouri.

Feb. 15, 1955.

Lester W. Spilker, Julius H. Berg, St. Louis, for appellant.

F. S. Mulholland, Robert N. Jones, St. Louis, for respondents.

ADAMS, Special Judge.

Defendant administrator appeals from a decree of the Circuit Court of the City of St. Louis in favor of plaintiffs and against defendant for the sum of $431.20, the amount claimed by plaintiffs to be due them from defendant's intestate.

On November 19, 1952, plaintiffs filed their "Petition in Equity" against defendant as administrator of the Estate of August Davidter, as follows:

"Come now plaintiffs, as partners, doing business as J. V. Kerber and Sons, and for their cause of action state that:

"1. Commencing on or about the 7th day of February, 19—, plaintiffs furnished materials and services unto August Davidter, on an open account; and after allowing all just credits and set-offs, there now remains a balance unpaid and due plaintiffs in the sum of Four Hundred Thirty-one Dollars and Twenty Cents ($431.20).

"2. Said August Davidter is now deceased, and on the 8th day of October, 1951, Letters of Administration were granted by the Probate Court of the City of St. Louis to Defendant William G. Alt, Probate File No. 110429. Proof of notice to creditors was filed therein on October 31, 1951.

"3. Thereafter, on the 28th day of April, 1952, plaintiff Edmond J. Kerber, for himself and his plaintiff partner, executed an affidavit of demand against said estate of August Davidter, Deceased, in said sum of Four Hundred Thirty-one Dollar and Twenty Cents ($431.20). On the 30th day of April, 1952, a notice of said demand was personally served upon defendant, as Administrator. The original carbon copy of said demand and statement is attached hereto and marked 'Plaintiffs' Exhibit A.'

"4. On the 7th day of May, 1952, the original of said affidavit, demand, statement, and return of service, as above described, were mailed by plaintiffs, properly addressed to the Clerk of the Probate Court of the City of St. Louis, with adequate postage affixed. Said envelope, with its enclosures, has never been returned to the return address on said envelope.

"5. Thereafter, during the second week of May, 1952, plaintiffs received from the Probate Court certain mimeographed instructions on the presentation of claims, which designated this particular estate of August Davidter, No. 110429. Said instructions are attached hereto and marked 'Plaintiffs' Exhibit B.'

"6. Successively, on July 3, 1952, July 17, 1952, and October 30, 1952, said demand was set for hearing in the Probate Court by agreement of counsel without docketing. On the last date the parties appeared, and counsel for the Administrator called attention to the fact that original demand and statement were not in the Probate Court file. He then raised the point that the one year for filing of demands had passed. The Probate Court sustained said defense and ruled that under applicable statutes, the matter was placed beyond his jurisdiction.

"7. The Estate of August Davidter, No. 110429, is solvent, well able to satisfy plaintiffs' just demand, and no final settlement nor discharge has been made.

"8. The accident and surprise arising out of the loss, destruction or misplacement of plaintiffs' original demand, as described above, was unforeseeable, occurred during the exercise of due care by plaintiffs, and unless otherwise ordered by this Court

will result in loss of such legal rights by plaintiffs as to violate good conscience.

"9. Plaintiffs have no adequate remedy at law.

"Wherefore, plaintiffs pray that this Court order and decree an allowance of said demand against the Estate of August Davidter, Deceased, or in the alternative, that the official file of the Probate Court, No. 110429, be corrected to show the true filing and time of filing by plaintiffs; for costs; and for such other and further relief as this Court shall deem proper."

Defendant's motion to dismiss the petition on the ground that it did not allege that the demand was presented to the Probate Court in the manner prescribed by the provisions of Section 464.040 RSMo 1949, V.A.M.S was overruled.

In his answer defendant admitted that plaintiffs had no adequate remedy at law as pleaded in paragraph 9 of the petition and did not otherwise challenge the equitable jurisdiction of the Court.

The case was tried by plaintiffs on the theory that there had been a compliance with the statutes requiring the exhibition and presentment of demands in the Probate Court, with defendant denying such compliance. Plaintiffs' uncontradicted evidence sustained the allegations of fact in the petition. Defendant offered no evidence.

In its decree, the Trial Court expressly found that by the mailing of the demand to the clerk of the Probate Court as alleged in the petition, plaintiffs' claim was thereby presented to the Probate Court.

In its motion to set aside judgment in favor of plaintiffs and enter judgment in favor of defendant, or in the alternative, to grant defendant a new trial, defendant claimed error on the grounds, among others, that the plaintiffs' petition failed to state a cause of action against defendant and showed on its face that plaintiffs were not entitled to equitable relief.

▇▇▇▇ Plaintiffs seek to invoke the powers of a court of equity. It must, therefore, affirmatively appear from the face of the petition and from the evidence that plaintiffs have no adequate remedy at law. Benton County v. Morgan, 163 Mo. 661, 678, 64 S.W. 119; Palmer v. Marshall, Mo.App., 24 S.W.2d 229, 233(2); Collins v. Shive, Mo. Sup., 261 S.W.2d 58, 60(1, 2); Vogt v. Woody, Mo.App., 263 S.W.2d 48, 50(1). Such allegations and proof are jurisdictional, Benton County v. Morgan, supra; Palmer v. Marshall, supra, and their absence may be taken advantage of by the adverse party at any stage of the proceedings, or the Court of its own motion may raise and rule on the objection, Benton County v. Morgan, supra.

If plaintiffs had an adequate remedy at law in the Probate Court, then, of course, the decree below must be reversed. This must be determined before we are permitted to consider plaintiffs' demand or claim on its merits.

▇▇▇▇ Upon the opening of the Davidter Estate and within the statutory period of limitation, plaintiffs had an election to proceed either in the Probate Court or in the Circuit Court. They chose the former. If what they did (as appears from the face of the petition and the uncontradicted proof) was a proper exhibition and presentment of their demand, then the Probate Court erroneously "sustained said defense and ruled that under applicable statutes the matter was placed beyond his jurisdiction." The Court's failure or refusal to hear the demand had the force and effect of a judgment disallowing plaintiffs' claim, and plaintiffs should have appealed. Section 467.010, RSMo 1949, V.A.M.S.; Barnes v. Baker, Mo.App., 299 S.W. 80, 82(1); Townsend v. Townsend, 60 Mo. 246, 249. If what they did was not a proper exhibition or presentment of their demand, then the Probate Court ruled correctly in "sustaining said defense." In either event, jurisdiction to decide, correctly or incorrectly, was in the Probate Court. State ex inf. Kell v. Buchanan, 357 Mo. 750, 210 S.W.2d 359, 361(1, 2); Citizens' Bank & Trust Co. v. Moore, 215 Mo.App. 21, 263 S.W. 530, 532

(2); Evans v. York, Mo.App., 216 S.W.2d 124, 127(3–5).

■ The allegations in paragraphs 8 and 9 in plaintiffs' petition are mere conclusions and do not constitute statements of fact and, therefore, are insufficient upon which to base the exercise of equitable powers. ·

The sole question involved below was whether or not the mailing of plaintiffs' demand to the Clerk of the Probate Court fulfilled the requirements of the Statute. Plaintiffs' theory is that it did. And it was a matter of law for the Probate Court to pass on.

■ It is apparent, therefore, that plaintiffs had a remedy at law and it was complete and adequate. This fact appeared on the face of the petition and was developed by the proof. When it thus appears, no cause of action in equity exists. . Boynton v. Boynton, 186 Mo.App. 713, 714, 172 S.W. 1175; Real Estate Investment Co. v. Winn, 233 Mo.App. 26, 116 S.W.2d 550, 555(5). Being jurisdictional, Benton County v. Morgan, supra; Palmer v. Marshall, supra, the defect may be taken advantage of by the defendant at any stage of the proceedings or the Court may of its own motion raise and rule on the objection. Benton County v. Morgan, supra. It was timely raised in defendant's after trial motion.

■ Defendant's admission that plaintiffs did not have an adequate remedy at law does not have the effect of conferring equitable jurisdiction where none in fact exists.

Other questions presented need not be decided since plaintiffs are not entitled to the equitable relief they seek.

The judgment of the Circuit Court is reversed and the cause is remanded with directions to the Trial Court to set aside its judgment and decree of March 9, 1953 in favor of plaintiffs and against defendant, and to enter its judgment and decree in favor of defendant.

ANDERSON, P. J., concurs.